S15G1878. BANK OF AMERICA, N.A. v. JOHNSON.

(792 SE2d 704)

NAHMIAS, Justice.

We granted certiorari in this case to decide a question left open in our recent decision in *Ames v. JP Morgan Chase Bank, N.A.*, 298 Ga. 732 (783 SE2d 614) (2016), with reference to the Court of Appeals' decision in this case — whether a plaintiff property owner who alleges that he is no longer a debtor because the security deed on his property has been cancelled has standing to challenge an alleged assignment of the security deed. See id. at 740 n. 6 (citing *Johnson v. Bank of America, N.A.*, 333 Ga. App. 539 (773 SE2d 810) (2015)). Appellee Bobby Johnson has made concessions to this Court, however, that make it unnecessary for us to decide that question, and we reverse the judgment of the Court of Appeals on other grounds.

1. On April 23, 2014, Bobby Johnson, acting pro se, filed a verified complaint in Henry County to quiet title to the residential property located at 1721 Gallup Drive, Stockbridge, Georgia 30281 ("Property") under OCGA §§ 23-3-60 and 23-3-61. Johnson alleged that he is the "true rightful owner" of the Property pursuant to a warranty deed dated July 21, 2006, which he attached and which was recorded in Henry County on August 2, 2006. He named as defendants Pine State Mortgage Corporation ("Pine State"), Bank of America, N.A. ("BOA"), and Bank of New York Mellon ("BONY"), and he alleged that his "rights are superior to Defendants and others asserting an interest in the property."[1]

In his complaint, Johnson explained that BOA's claim was based on an assignment that was recorded in Henry County on September 19, 2011, and purported to transfer a security deed on the Property to BOA. He attached to the complaint this assignment, which shows a transfer from Mortgage Electronic Registration Systems, Inc. ("MERS") to BOA. Johnson acknowledged that the basis for the assignment was a security deed that was recorded in Henry County on August 2, 2006. He cited the book and page number where the deed can be found in the public records of Henry County, but he did not attach the deed to the complaint. Johnson then alleged, "[u]pon information and belief," that Pine State "relinquished all of its rights as of January 1, 2007 and was Administrated [sic] Dissolved on September 3, 2012 and no longer hold[s] a security interest whatsoever in [the] property." Thus,

---

[1] Pine State was served by publication; as the Court of Appeals noted, it is not clear if BONY was successfully served. See *Johnson*, 333 Ga. App. at 539. Neither Pine State nor BONY filed any pleading in the trial court; neither has filed an appearance on appeal; and Johnson's arguments in the Court of Appeals and this Court focus only on BOA's asserted interest in the Property. Thus, we do not address any claims related to the other defendants.

Johnson alleged, the assignment to BOA did not grant BOA any interest in the Property. Johnson asked the trial court to declare his title "superior to that of Defendants and any unknown parties" and to cancel and remove any documents asserting an interest in the Property other than his.

On May 27, 2014, BOA filed an answer, raising numerous affirmative defenses. BOA later filed a motion to dismiss the complaint and a brief in support, to which BOA attached both the assignment of the security deed to BOA that Johnson had referenced in and attached to his complaint and the underlying security deed that BOA alleged was transferred by that assignment. The attached security deed matched the Henry County book and page number of the security deed acknowledged by Johnson in his complaint, and like his warranty deed, the security deed was executed by Johnson on July 21, 2006, and recorded on August 2, 2006. The deed named Pine State as the lender of $173,600 to Johnson, but it conveyed the Property to MERS and its "successors and assigns" as the grantee. BOA argued that Johnson lacked standing to challenge the assignment from MERS to BOA under *Montgomery v. Bank of America*, 321 Ga. App. 343 (740 SE2d 434) (2013), because he was not a party to the assignment, and thus that his complaint should be dismissed for failing to state a claim against BOA upon which relief can be granted. See OCGA § 9-11-12 (b) (6).

On July 23, 2014, Johnson filed an amended complaint, alleging that BOA had failed to provide evidence that a sale of the property or a conveyance of the mortgage was made from Pine State to BOA and repeating his allegation that Pine State "relinquished all of its rights as of January 1, 2007." Johnson never, however, disputed the existence of the assignment from MERS to BOA, which he again referenced in and attached to the amended complaint.

On July 29, 2014, the trial court granted BOA's motion and dismissed Johnson's complaint with prejudice. Johnson, still pro se, filed a timely application to appeal, which, after it was transferred from the Court of Appeals to this Court and then returned, was granted under OCGA § 5-6-35 (j) because Johnson had a right to a direct appeal. On July 14, 2015, the Court of Appeals reversed the trial court's dismissal of Johnson's complaint, holding that "the fact that Johnson was not a party to the assignments that he challenges does not destroy his standing to assert that those assignments are clouds upon his title." *Johnson*, 333 Ga. App. at 542. BOA petitioned for a writ of certiorari, which we granted on April 26, 2016, citing our decision the previous month in *Ames* and asking if the Court of Appeals erred in its determination that Johnson had standing to

challenge the assignments of alleged security interests in this quiet title action. The case was orally argued before us on July 11, 2016.

2. In *Ames*, this Court approved the Court of Appeals' holding in *Montgomery* that debtors generally lack standing to challenge the assignment of their security deeds. See *Ames*, 298 Ga. at 737-740. However, citing *Johnson* with a "cf." signal, we left open the question of standing in "the situation where a plaintiff property owner alleges that she is no longer a debtor because the security deed has been cancelled, so legal title has reverted to the property owner and no one — not the original deed holder or any purported assignee — would have the power of sale," noting that the Ameses had not alleged that they did not remain subject to the security deed on their property. *Ames*, 298 Ga. at 740 n. 6.

This case seemed to squarely present the question we reserved. As the Court of Appeals explained, Johnson's complaint made it appear that Pine State had held the recorded security interest in the Property, and he alleged that Pine State "had relinquished all of its rights as of January 1, 2007." *Johnson*, 333 Ga. App. at 539. In this way, the complaint, when read most favorably to Johnson as the party opposing dismissal, appeared to allege that no one held a security deed on the Property, so that the challenge to the interest claimed by BOA was based not only on an allegedly faulty assignment but on the allegation that there was no security interest to be assigned to BOA or anyone else.

Johnson's concessions during oral argument before this Court have made it clear, however, that this case does not require us to address the question left undecided in *Ames*.[2] Johnson, who was representing himself, admitted that the security deed that BOA attached to its motion to dismiss was in fact the security deed to which he referred in his complaint, that the security deed was valid, and that he has not fully paid off the loan secured by the deed. His challenge to the security deed was based entirely on Pine State's alleged relinquishment of its interest in the Property and Pine State's failure to convey any interest in the Property to BOA. However, the security deed — which Johnson does not challenge — shows on its face that Johnson actually conveyed title to the Property to *MERS*, not to Pine State; indeed, the deed says, in bold type, "MERS is the grantee under this Security Instrument." Pine State is listed not as the holder of the security deed but as the lender. Because Pine State was not, in fact, the holder of title to the Property under the security deed, Johnson's allegations as to the condition of Pine State and

---

[2] The case was not orally argued in the Court of Appeals.

whether it conveyed anything to BOA are irrelevant and cannot serve as the basis for a challenge to BOA's claim on the property.[3]

Johnson has never alleged that MERS relinquished the security deed back to him or otherwise cancelled it, and he has admitted that he has not made all the payments required by the loan secured by the deed. Thus, taking Johnson's factual allegations and concessions as true, he has failed to state a claim against BOA upon which relief can be granted, and his complaint was therefore properly dismissed by the trial court. This conclusion makes it unnecessary for us to decide the standing question left open in *Ames*. We leave that question for another day, expressing no opinion on the Court of Appeals' view in this case, which was offered in a murky factual context (which has since become clearer) and without the benefit of our reasoning in *Ames*.

*Judgment reversed. All the Justices concur.*

## DECIDED OCTOBER 31, 2016.

*McGuire Woods, Jarrod S. Mendel, Andrew G. Phillips; Rubin Lublin, Peter L. Lublin, Jody C. Campbell*, for appellant.
Bobby Johnson, *pro se.*

---

[3] Johnson's concessions make it unnecessary for us to decide whether it would have been appropriate under Georgia's Civil Practice Act, see OCGA § 9-11-1 et seq., for the trial court or the Court of Appeals to consider the security deed attached to BOA's motion to dismiss, without converting the motion to dismiss into a summary judgment motion, either as a document "central to the plaintiff's claim [where] the authenticity of the document is not challenged" or as a matter of "judicial notice of matters of public record," as federal courts have regularly done with recorded security deeds under the parallel provisions of the Federal Rules of Civil Procedure. *Goodrich v. Bank of America, N.A.*, 2015 WL 11198935, at *1 n. 3 (N.D. Ga. May 20, 2015) (citing cases). See also, e.g., *Fitzpatrick v. Bank of New York Mellon*, 2013 WL 12097456, at *1 n. 2 (N.D. Ga. Nov. 12, 2013) (considering a Georgia security deed attached to the defendants' motions to dismiss).