**FIRST DIVISION**
**DOYLE, C. J.,**
**ANDREWS and RAY, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**March 7, 2017**

# In the Court of Appeals of Georgia

A16A1749. WELLS FARGO BANK, N.A., d/b/a WELLS FARGO    RA-063
      HOME MORTGAGE v. LATOUCHE.

RAY, Judge.

In the instant case, Michael LaTouche sued Wells Fargo Bank, N.A., d/b/a Wells Fargo Home Mortgage ("Wells Fargo"), in the Superior Court of Clayton County for several causes of action arising from the 2010 nonjudicial foreclosure of his property that was financed by a Veterans Affairs Administration ("VA") guaranteed loan. This Court granted Wells Fargo's application for interlocutory review of the trial court's denial of its motion for summary judgment on LaTouche's claims for breach of contract, wrongful foreclosure, and surprise. For the following reasons, we reverse.

Summary judgment is proper

if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. OCGA § 9-11-56 (c). Thus, to prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact, so that the party is entitled to judgment as a matter of law. A defendant may do this either by presenting evidence negating an essential element of the plaintiff's claims or establishing from the record an absence of evidence to support such claims. Thus, the rule with regard to summary judgment is that a defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case, but may point out by reference to the evidence in the record that there is an absence of evidence to support any essential element of the nonmoving party's case. Where a defendant moving for summary judgment discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue.

(Citations and punctuation omitted.) *Cowart v. Widener*, 287 Ga. 622, 623-624 (1) (a) (697 SE2d 779) (2010). We review a trial court's denial of summary judgment de novo. Id. at 624 (1) (a).

2

The facts are as follows.[1] In 2002, LaTouche obtained a VA guaranteed loan in the amount of $113,851 from Wells Fargo Home Mortgage, Inc., which is now a division of Wells Fargo Bank, N. A., evidenced by a promissory note. The loan was secured by a security deed using a standard form issued by the VA. The security deed was guaranteed by the VA and serviced by Wells Fargo. The security deed also contained an acceleration/ power of sale provision.

---

[1] LaTouche's appellate brief has failed to provide a single citation to the appellate record. Court of Appeals Rule 25 (b) (1) provides that the brief of appellee

> shall point out any material inaccuracy or incompleteness of appellant's statement of facts and any additional statement of facts deemed necessary, *plus citations to additional parts of the record transcript deemed material. Failure to do so shall constitute consent to a decision based on the appellant's statement of facts.* Except as controverted, appellant's statement of facts may be accepted by this Court as true.

(Emphasis supplied.) See *Smith v. Ga. Asset Props., LLC*, 251 Ga. App. 595, 596 (1) (554 SE2d 561) (2001) ("Statements of fact in the briefs of the parties unsupported by evidence in the record cannot be considered on appeal") (citation and punctuation omitted); *Ron Eason Enter., Inc. v. McColgan*, 151 Ga. App. 106, 106 (1) (258 SE2d 761) (1979) ("In the absence of any citation by appellee to the transcript which would controvert appellant's claims, appellant's assertions regarding the evidence are deemed true, accurate, and complete") (citations omitted). Nevertheless, to the extent we can, we review the record on summary judgment de novo. *Jackson v. Waffle House, Inc.*, 245 Ga. App. 371, 372, n. 1 (537 SE2d 188) (2000).

3

In 2010, LaTouche defaulted on the loan by failing to make the required monthly payments. On March 7, 2010, Wells Fargo sent LaTouche a notice of default. After a lawsuit by LaTouche, a lawsuit by Wells Fargo to reform the deed necessitated by LaTouche's filing of frivolous documents in the Clayton County deed records office, and the resolution of LaTouche's bankruptcy proceeding, Wells Fargo offered LaTouche a loan modification agreement, which LaTouche did not accept. Wells Fargo then sent LaTouche a letter declining a subsequent offer to modify the mortgage on the ground that he refused an escrow requirement. LaTouche never cured the default on the loan, and on November 6, 2012, the property was sold at a non-judicial foreclosure sale.

LaTouche filed the instant action against Wells Fargo for, inter alia, breach of contract, wrongful foreclosure, negligence per se and surprise. In his complaint, LaTouche asserted that Wells Fargo failed to comply with pertinent VA regulations, including the requirement of a "face-to-face interview" prior to the sale of the property under 38 C.F.R § 36.4350 (g) (1) (iii) before foreclosing on the property. Wells Fargo filed a motion for summary judgment. The trial court granted the motion as to LaTouche's claims for negligence per se and breach of contract arising from §22 of the security deed, but denied the motion as to the claims for breach of contract

arising from Wells Fargo's alleged failure to comply with VA regulations, wrongful foreclosure, and surprise. After the trial court certified its ruling for immediate review, Wells Fargo filed a timely application for an interlocutory appeal, which this Court granted.

1. Wells Fargo argues that the trial court erroneously denied its motion for summary judgment as to LaTouche's claims that Wells Fargo is liable for breach of contract for failure to strictly comply with certain regulations promulgated by the VA. We agree.

LaTouche's complaint argues that the loan was secured by the VA and was thus subject to certain pre-foreclosure requirements provided by the VA, including "a face to face meeting . . . and [a requirement that Wells Fargo] notify the Secretary of HUD of such default so that both [LaTouche] and VA would have been given the chance to cure the default" as summarized in 38 C.F.R. §36.4350 (g).

LaTouche does not argue that a private right of action exists to enforce the VA regulations set forth in 38 C.F.R. §36.4350 (g). Rather, LaTouche argues that the VA regulations were incorporated into the loan documents and, thus, a claim can arise for breach of contract. See, e. g. *Bright v. Nimmo*, 756 F.2d 1513, 1515-1516 (II) (B) (11th Cir. 1985) (rejecting the plaintiff's argument that he has an implied cause of

5

action against the VA or lender based upon the VA's manual and guidelines). Georgia courts and courts in the Eleventh Circuit have not addressed directly the question of whether a mortgagor has a cause of action under state law for breach of contract where the contract expressly conditions non-judicial foreclosure on compliance with VA regulations. However, in *Corbin v. U. S. Bank*, *N. A.*, 2014 WL 12480502 *5 (III) (A) (1) (N.D. Ga. 2014) (adopted by *Corbin v. U. S. Bank, N. A.*, 2014 WL 12482618 (N.D. Ga. 2014)), the United States District Court in the Northern District of Georgia denied the foreclosing bank's motion to dismiss the homeowner's breach of contract claim arising out of the bank's failure to comply with the VA regulation requiring a face-to-face meeting prior to foreclosing. Id.[2]

Further, in an analogous case, *Bates v. JP Morgan Chase Bank, NA*, 768 F.3d 1126 (11th Cir. 2014), the Eleventh Circuit found the regulations promulgated by the Department of Housing and Urban Development ("HUD") were incorporated into the mortgage contract with similar language as in this case. Id. The *Bates* court noted

---

[2] Other jurisdictions have also found that the failure to comply with the VA regulations as a condition precedent to foreclosure gives rise to a breach of contract claim. See, e. g., *Ranson v. Bank of America, N. A.*, 2013 WL 1077093 *3-*5 (III) (A) (S.D. W.Va., 2013) (the trial court held that the VA requirements were incorporated into the loan contract and, thus, could form the basis of a breach of contract claim when defendant failed to comply with the VA regulations prior to foreclosure).

that, in view of Georgia's general rule that powers of sale in deeds are to be strictly construed, see OCGA § 23-2-114, "the HUD regulations clearly referenced in the deed as conditions precedent to the power to accelerate and the power of sale could form the basis of a breach of contract action." Id. at 1132 (I). However, the *Bates* court ultimately found that the trial court correctly granted summary judgment against the plaintiff on her breach of contract claim because she failed to put forward any evidence of damages caused by the purported breach of these terms. Id. at 1133 (I).

However, we need not determine whether the VA regulations incorporated into the mortgage documents in the instant case give rise to a breach of contract claim. Even if we assume that they do give rise to a breach of contract claim, we find that summary judgment was warranted. The VA's servicing regulation, 38 C.F.R. §36.4350, prescribes a "loan servicing program" that should be applied to VA-guaranteed loans. 38 C.F.R. §36.4350 (g), which governs collection actions by the lender, provides the following:

> (1) Holders shall employ collection techniques which provide flexibility to adapt to the individual needs and circumstances of each borrower. A variety of collection techniques may be used based on the holder's determination of the most effective means of contact with borrowers during various stages of delinquency. However, *at a minimum the holder's collection procedures must include the following actions*:

7

(i) *An effort, concurrent with the initial late payment notice to establish contact with the borrower(s) by telephone*. When talking with the borrower(s), the holder should attempt to determine why payment was not made and emphasize the importance of remitting loan installments as they come due.

(ii) *A letter to the borrower(s) if* payment has not been received within 30 days after it is due *and telephone contact could not be made*. This letter should emphasize the seriousness of the delinquency and the importance of taking prompt action to resolve the default. It should also notify the borrower(s) that the loan is in default, state the total amount due and advise the borrower(s) how to contact the holder to make arrangements for curing the default.

(iii) *In the event the holder has not established contact with the borrower(s)* and has not determined the financial circumstances of the borrower(s) or established a reason for the default or obtained agreement to a repayment plan from the borrower(s), then a face-to-face interview with the borrower(s) or a reasonable effort to arrange such a meeting is required.

(Emphasis supplied.)

A breach of contract claim has the following elements: "(1) breach and the (2) resultant damages (3) to a party who has the right to complain about the contract being broken." (Footnote and punctuation omitted.) *Norton v. Budget Rent A Car*

8

*Sys., Inc.*, 307 Ga. App. 501, 502 (705 SE2d 305) (2010). In its motion for summary judgment, Wells Fargo pointed to a lack of evidence as to an essential element of the breach of contract claim – breach of a duty – and the burden then shifted to LaTouche to point to specific evidence giving rise to a triable issue. This it did not do.

Here, a close reading of 38 C. F. R. §36.4350 (g) (1) (iii) reveals that Wells Fargo did not breach a duty to hold a face-to-face meeting with LaTouche prior to foreclosing on the property. Subsection (g) (1) (iii) provides that a face-to-face interview with a borrower is required *only* "[i]n the event the holder has not established contact with the borrower(s) and has not determined the financial circumstances of the borrower(s) or established a reason for the default or obtained agreement to a repayment plan from the borrower(s)[.]"

In the instant case, it was clear that Wells Fargo and LaTouche engaged in substantive communication during the years preceding the foreclosure. Wells Fargo provided evidence that LaTouche defaulted under the loan in January 2010. On March 7, 2010, Wells Fargo sent a notice of default to LaTouche that complied with the requirements of 38 C.F.R. §36.4350 (g) (1) (ii). Immediately after receiving the letter, LaTouche filed suit in the United States District Court for the Northern District of Georgia on March 26, 2010, seeking, inter alia, injunctive relief, such action which

was dismissed for failure to state a claim. While that suit was pending, LaTouche filed an "Affidavit of Notice of Revocation of Power of Attorney" in the county records related to the property, necessitating Wells Fargo to file a suit for declaratory relief from the frivolous filing. The superior court ordered that the filings had no legal effect upon the property. On August 20, 2010, LaTouche then filed a voluntary Chapter 7 bankruptcy. Once that bankruptcy was discharged, Wells Fargo placed a hold on the foreclosure sale to explore possible loss mitigation options.

On July 6, 2011, Wells Fargo sent LaTouche a letter confirming that the parties had discussed and come to an agreement to modify the loan, and requesting certain documents to complete the modification. Wells Fargo contends that LaTouche declined that modification offer by failing to respond to it. In contrast, LaTouche argues in his affidavit submitted as an exhibit to his response to Wells Fargo's summary judgment that he did not receive notice of the acceptance of the loan modification agreement. Wells Fargo rejected LaTouche's subsequent efforts to obtain a loan modification agreement in a letter dated February 25, 2012, citing LaTouche's failure to agree to an escrow requirement imposed by the owner of the Note. On April 23, 2012, LaTouche filed yet another lawsuit in the U. S. District Court, seeking, inter alia, an injunction against foreclosure, which was dismissed for

failure to serve Wells Fargo. Wells Fargo retained a law firm to conduct a non-judicial foreclosure sale on the property and sent notice to LaTouche. LaTouche and his counsel then engaged in a series of communications with Wells Fargo and submitted additional information regarding his finances in yet another effort to work out a loan modification. Wells Fargo then sent LaTouche a letter stating that Wells Fargo had not received the necessary documentation to determine his eligibility for mortgage assistance, and the property foreclosure went forth.

Although there is no evidence as to whether Wells Fargo conducted a face-to-face meeting with LaTouche under 38 C.F.R. § 36.4350 (g) (1) (iii), a close reading of that regulation shows that such a meeting was not required under these circumstances. Wells Fargo sent a letter complying with Subsection (g) (1) (ii) in March 2010 and had a conversation regarding a loan modification. Subsection (g) (1) (iii) specifically provides that a face-to-face meeting is required only when the bank has been unable to effectively communicate with the borrower or determine the borrower's financial circumstances by other means. See e. g., *Wells Fargo Bank, N. A. v. Sowell*, 2012 WL 2523843, *3-*4 (Ct. App. Ohio, 2012) (trial court correctly granted summary judgment in favor of bank on borrower's breach of contract claims based upon the bank's alleged failure to comply with 38 C. F. R. §36.4350 (g) prior

11

to foreclosure when the record contained "extensive contact and correspondence" between the bank and borrower prior to foreclosure). Here, there is ample evidence that LaTouche and Wells Fargo engaged in such communication. Accordingly, we find that the trial court erred in concluding that an issue of material fact existed as to whether Wells Fargo failed to comply with 38 C. F. R. §36.4350 (g) (1) (iii) prior to foreclosing.

2. As a result of our holding in Division 1 that Wells Fargo did not breach its duty to comply with 38 C. F. R. §4350 (g) as a condition precedent to foreclosure, we conclude that the trial court erred in denying Wells Fargo's motion for summary judgment as to LaTouche's claims for wrongful foreclosure that hinge upon the same VA regulations.

3. Wells Fargo argues that the trial court erred in denying its motion for summary judgment as to LaTouche's claim for surprise. We agree.

LaTouche's complaint asserted a claim of surprise pursuant to OCGA § 23-2-54, arguing that Wells Fargo

> publish[ed] multiple Notices of Sale Under Power and proceeded with a foreclosure sale of [LaTouche's] Property on November 5, 2012, while [LaTouche's] application for a new loan modification offer . . . was still pending. By its conduct, Wells Fargo intentionally and maliciously acted

12

to disturb and confuse [LaTouche's] judgment and to mislead [LaTouche] in order to gain an undue advantage without the agency or fault of [LaTouche].

The trial court denied Wells Fargo's summary judgment motion on this issue, concluding that an issue of material fact existed as to whether LaTouche was informed that his loan modification application was no longer being considered.

OCGA § 23-2-54 provides that "[a]nything which happens without the agency or fault of the party affected by it, tending to disturb and confuse his judgment or to mislead him, of which the opposition party takes an undue advantage, is in equity a surprise and a form of fraud for which relief is granted." In Georgia, a plaintiff alleging fraud must prove the following: a false representation by defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff. *Ledford v. Smith*, 274 Ga. App. 714, 721 (1) (b) (618 SE2d 627) (2005). "For an action for fraud to survive a motion for summary judgment, there must be some evidence from which a jury could find each element of the tort." (Citation and punctuation omitted.) *Cobb Co. School Dist. v. MAT Factory, Inc.*, 215 Ga. App. 697, 701 (2) (a) (452 SE2d 140) (1994).

We consider the element of justifiable reliance, and in so doing, LaTouche's "claim tumbles like a house of cards." (Punctuation omitted.) Id. In his response to Wells Fargo's motion for summary judgment and in his appellate brief, LaTouche has failed to allege any action that he took or refrained from taking in response to an allegedly false representation by Wells Fargo. See, e. g., *Neal v. Nationstar Mortgage, LLC*, 2015 WL 5174047 *5 (II) (B) (3) (N.D. Ga. 2015) (granting motion to dismiss borrower's surprise claim arising from foreclosure of borrower's property when borrower's complaint did not allege any action that he took or refrained from taking in response to an allegedly false representation by bank regarding foreclosure). See also *Lanier Home Ctr., Inc. v. Underwood*, 252 Ga. App. 745, 748 (5) (557 SE2d 76) (2001) (to survive a summary judgment motion on a fraud count, some evidence must support each of the five elements of fraud – including justifiable reliance).

Based upon the above, we reverse the trial court's denial of Wells Fargo's summary judgment motion.

*Judgment reversed. Doyle, CJ. and Andrews, J., concur.*