**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 20, 2017**

# In the Court of Appeals of Georgia

A17A0509. MONTIA v. FIRST-CITIZENS BANK & TRUST
    COMPANY et al.

MCFADDEN, Presiding Judge.

In this quiet title action, petitioner Muriel Montia appeals from two orders: the trial court's grant of a motion to dismiss for failure to state a claim filed by respondents Ocwen Loan Servicing, LLC ("Ocwen") and HSBC Bank USA National Association as Trustee for Ace Securities Corp. Home Equity Loan Trust Series 2003-OP1 ("HSBC"), and the trial court's grant of a motion for judgment on the pleadings and for summary judgment filed by respondent First-Citizens Bank & Trust Company ("First-Citizens"). In several enumerations, Montia argues that the trial court erred in granting these motions rather than submitting the case to a special master. We find, however, that the trial court was authorized to dismiss the petition

for failure to state a claim and to grant judgment on the pleadings without submitting the case to a special master, so we affirm. Given this disposition, the issue of summary judgment is moot. *White v. Lumpkin*, 272 Ga. 398 (529 SE2d 879) (2000).

This action involves real property acquired by Montia in 2003. The property is subject to two recorded deeds to secure debt. One deed to secure debt is in favor of an entity that later assigned the deed to HSBC. HSBC used Ocwen, a loan servicing company, to try to collect that debt from Montia. The second deed to secure debt is in favor of an entity that later went into receivership; its receiver subsequently assigned the deed to Capitol City Bank & Trust, a division of and assumed name used by First-Citizens.

Montia filed a petition to quiet title against all the world under OCGA §§ 23-3-60 et seq. of Georgia's Quiet Title Act. She alleged in her petition that First-Citizens, Ocwen, and HSBC had claims adverse to her interest in the property that were without legal basis and constituted clouds on her title. She also asked that the case be submitted to a special master pursuant to OCGA § 23-3-63.

Montia herself arranged for service of process upon the respondents, although generally the Quiet Title Act requires that service be made by a special master. OCGA § 23-3-65 (b); *Woodruff v. Morgan County*, 284 Ga. 651, 651-652 (1) (670

2

SE2d 415) (2008). Because "a special master was never appointed such that service could be properly completed pursuant to the Quiet Title Act[,] the [respondents] were not required to answer [Montia's petition.]" *Woodruff*, 284 Ga. at 652 (1). Nevertheless, Ocwen, HSBC, and First-Citizens answered the petition and filed their motions. Ocwen and HSBC filed a joint motion to dismiss the petition for failure to state a claim. First-Citizens filed a motion for judgment on the pleadings, basing that request on the petition, the answer, and the documents attached to those pleadings. (In its motion, First-Citizens also sought summary judgment based on evidence outside the pleadings.) The trial court granted the motions without submitting the case to a special master.

The motion to dismiss and the motion for judgment on the pleadings presented the trial court with the same question: would Montia be entitled to relief under any state of facts that she could prove in support of her claim? Where, as here,

> the party moving for judgment on the pleadings does not introduce affidavits,[1] depositions, or interrogatories in support of his motion, such motion is the equivalent of a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. The motion to

---

[1] First-Citizen did introduce an affidavit to support its request for summary judgment. Its motion and brief make clear, however, that First-Citizen did not rely on the affidavit to support its request for judgment on the pleadings.

3

dismiss should not be granted unless the averments in the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of his [or her] claim.

*Cox v. Turner*, 268 Ga. App. 305 (1) (601 SE2d 728) (2004) (citation omitted). When ruling on a motion to dismiss for failure to state a claim or a motion for judgment on the pleadings, a trial court may consider exhibits attached to and incorporated into the complaint and answer. See OCGA § 9-11-10 (c); *Trop, Inc. v. City of Brookhaven*, 296 Ga. 85, 89 (2) (764 SE2d 398) (2014); *Shelnutt v. Mayor and Aldermen of the City of Savannah*, 333 Ga. App. 446 (776 SE2d 650) (2015). We review the trial court's rulings on these motions de novo. *Southwest Health & Wellness, LLC v. Work*, 282 Ga. App. 619, 623 (2) (639 SE2d 570) (2006).

OCGA § 23-3-62 sets forth the statutory requirements of a petition to quiet title against all the world under OCGA §§ 23-3-60 et seq. A petition that, on its face, appears to be in noncompliance with OCGA § 23-3-62 is subject to dismissal because, "[i]n that case, no evidence which might be introduced within the framework of the [petition] could sustain a grant of relief." *GHG, Inc. v. Bryan*, 275 Ga. App. 336 (1) (566 SE2d 662) (2002) (citation and punctuation omitted). A petition must contain, among other things, a "specification of the petitioner's interest in the land[.]"

4

OCGA § 23-3-6s (b). The petitioner "must assert that [s]he holds some current record title or current prescriptive title, in order to maintain h[er] suit." *Smith v. Georgia Kaolin Co.*, 269 Ga. 475, 477 (2) (498 SE2d 266) (1998) (citation, punctuation, and emphasis omitted). The "plaintiff's right to recovery or relief depends upon the strength of h[er] own title to the realty involved, not the weakness of h[er] opponents' evidence." Id. (citation and punctuation omitted).

Documents referenced in and attached to the petition and answers in this case show that Montia was the grantor of two deeds to secure debt on the property. In her petition, Montia asserted that she held title to the property by virtue of a recorded warranty deed that she attached to her petition. But she also acknowledged the existence of the recorded security deed in favor of Option One and attached to her petition a copy of the assignment of that deed to HSBC; and HSBC attached a copy of that security deed to its answer. And although, in her petition, Montia did not mention the recorded security deed that later was assigned to First-Citizens, she acknowledged and attached to her petition a copy of that assignment, and First-Citizens attached a copy of that security deed to its answer.

A grantor of a deed to secure debt who has not paid the debt has no legal title to the property at issue. See *McCarter v. Bankers Trust Co.*, 247 Ga. App. 129, 132 (2) (543 SE2d 755) (2000).

> A deed to secure debt passes legal title to the lender when the deed to secure debt is created, and the owner has a mere equity of redemption and right of possession of the realty until the secured debt has been satisfied in full. . . . [A]s a matter of law, title does not pass back to the grantor in the absence of full payment of the debt.

*Patel v. J. P. Morgan Chase Bank, N. A.*, 327 Ga. App. 321, 323 (1) (757 SE2d 460) (2014) (citations omitted). A person whose property is subject to a deed to secure debt cannot prevail in a quiet title action unless she has satisfied the debt. See *Taylor, Bean & Whitaker Mtg. Corp. v. Brown*, 276 Ga. 848, 850 (2) (583 SE2d 844) (2003).

Consequently, the documents attached to the complaint and answer reflect that Montia did not have legal title to the property. And Montia did not assert in her petition that she had satisfied the debts on her property memorialized by the deeds to secure debt. Instead, she merely and summarily asserted that she had legal title to the property and the respondents did not. Her statements to this effect were not well-pleaded facts but legal conclusions. "The trial court was not required to accept [Montia's] legal conclusions in consideration of the motion for judgment on the

6

pleadings [and the motion to dismiss] where there were no specifically pled facts to support the conclusions." *Novare Group v. Sarif*, 290 Ga. 186, 191 (4) (718 SE2d 304) (2011). Because Montia's petition did not comply with the requirements of OCGA § 23-3-62, she failed to state a claim for quiet title for which relief can be granted. See *GHG, Inc.*, supra, 275 Ga. at 336 (1). See also *Bank of America, N. A. v. Johnson*, 299 Ga. 861, 864 (2) (792 SE2d 704) (2016) (holding trial court properly granted motion to dismiss petition for quiet title where petitioner never alleged that security deed on property had been relinquished back to him or otherwise cancelled, and he admitted he had not satisfied the debt). For this reason, the trial court was authorized to grant the motion to dismiss and the motion for judgment on the pleadings.

Given this determination, we are not persuaded by Montia's argument that the trial court should have submitted the case to a special master. See generally OCGA § 23-3-63 ("The court, upon receipt of the petition together with the plat and instruments filed therewith, shall submit the same to a special master[.]"). In quiet title actions against all the world, a special master "shall have complete jurisdiction within the scope of the pleadings to ascertain and determine the validity, nature, or extent of petitioner's title and all other interests in the land, or any part thereof, which

7

may be adverse to the title claimed by the petitioner[.]" OCGA § 23-3-66. "[B]ut there is no authority divesting the trial court's overall jurisdiction of the case." *Harbuck v. Houston County*, 284 Ga. 4, 5 (1) (662 SE2d 107) (2008) (citations omitted). And, in a case that was not submitted to a special master, our Supreme Court nevertheless held that it was proper for the trial court to dismiss a quiet title petition for failing to state a claim. See *Bank of America, N. A.*, supra, 299 Ga. at 864 (2), reversing *Johnson v. Bank of America, N. A.*, 333 Ga. App. 539, 543 (3) (773 SE2d 810) (2015) (indicating that case had not been submitted to a special master).

*Judgment affirmed. Branch and Bethel, JJ., concur*.