**FIFTH DIVISION
MCFADDEN, P. J.,
RICKMAN and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**March 8, 2019**

# In the Court of Appeals of Georgia

A18A2010. DIXON et al. v. BRANCH BANKING AND TRUST    McF-075
    COMPANY.

MCFADDEN, Presiding Judge.

Michael Dixon filed this lawsuit against Branch Banking and Trust ("BB&T") for claims arising from BB&T's foreclosure of certain property formerly owned by his grandmother. BB&T answered the complaint and filed a counterclaim against Dixon and the executor of the grandmother's estate, Linda Roak, who is Dixon's mother. The trial court granted BB&T's motion to dismiss Dixon's claims, and BB&T dismissed without prejudice its counterclaims against Dixon and Roak. Dixon filed this appeal.

Dixon argues the trial court lacked jurisdiction to enter the order of dismissal because he had already dismissed his complaint without prejudice. But Dixon could not dismiss the complaint after the trial court orally granted BB&T's motion to dismiss. Dixon argues that the trial court erred by dismissing his claims for wrongful

foreclosure, malicious interference with property, fraud, and RICO. We agree because BB&T has not shown that Dixon would not be entitled to relief under any state of provable facts asserted in support of his allegations. So we reverse the dismissal of these claims. We direct the trial court to treat the motion to dismiss as a motion for more definite statement on the element of justifiable reliance, which is an element of Dixon's fraud claim and an element of one of the alleged predicate acts of the RICO claim, theft by deception. Dixon argues that the trial court erred by dismissing his prayers for emotional distress damages. Because Dixon affirmatively stated that he did not oppose that dismissal, we affirm it.

1. *Standard of review, factual allegations, and procedural posture.*

"A motion to dismiss for failure to state a claim should not be sustained unless the allegations of the complaint reveal, with certainty, that plaintiff would not be entitled to relief under any state of provable facts asserted in support thereof." *Dekalb County v. State of Georgia,* 270 Ga. 776, 779 (2) (512 SE2d 284) (1999). "It is no longer necessary for a complaint to set forth all of the elements of a cause of action in order to survive a motion to dismiss for failure to state a claim." *Roberts v. JP Morgan Chase Bank, N A.,* 342 Ga. App. 73, 76 (802 SE2d 880) (2017) (citation and punctuation omitted). "If, within the framework of the complaint, evidence may be

2

introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient." *Scott v. Scott,* 311 Ga. App. 726, 729 (1) (716 SE2d 809) (2011) (citation omitted). We review the trial court's ruling on a motion to dismiss for failure to state a claim de novo. *Montia v. First-Citizens Bank & Trust Co.,* 341 Ga. App. 867, 869 (801 SE2d 907) (2017).

So viewed, the pleadings alleged that Julie Mae Mason, the mother of counterclaim-defendant Linda Roak and the grandmother of plaintiff, counterclaim-defendant Dixon, owned certain property at the time of her death in 2009, including one tract of 1.15 acres and one tract of 1.11 acres. In 2005, Mason had borrowed money from BB&T and had granted BB&T a security deed. The security deed listed the physical address and the tax parcel ID number of the 1.15-acre tract but the metes-and-bounds description of the 1.11-acre tract. Mason died, and her will provided that her three children would receive her real property. On June 23, 2009, the children executed deeds of assent that conveyed the 1.15-acre tract to Dixon.

In 2009, BB&T began foreclosure proceedings on the 1.11-acre tract, but it withdrew the foreclosure advertisement and a foreclosure did not take place. In October 2010, it began foreclosure proceedings on the 1.15-acre tract. When it was

warned of the problem in the security deed, BB&T withdrew the foreclosure advertisement and a foreclosure did not take place.

On October 21, 2010, BB&T recorded a document it called a "scrivener's affidavit" in an attempt to change the metes-and-bounds description in the security deed from that of the 1.11-acre tract to that of the 1.15-acre tract, so as to match the physical address and tax parcel ID number. The affidavit did not include a caption with Dixon's name, so it was not properly indexed by the clerk.

On November 10, 2010, BB&T began running a foreclosure advertisement for the 1.15-acre tract. On December 7, 2010, BB&T conducted an auction and filed a deed under power, asserting that it was the highest bidder. In March 2011, BB&T conveyed the 1.15-acre tract to a third party.

In 2014, Dixon filed this complaint against BB&T, asserting claims for wrongful foreclosure, fraud, civil theft by deception, mortgage fraud, false swearing, subornation of false swearing, malicious interference with property rights, and RICO. BB&T answered the complaint and filed counterclaims against Dixon and his mother, Roak. It sought a declaration that the scrivener's affidavit corrected the metes-and-bounds description in the security deed as well as a reformation of the security deed to list the metes-and-bounds description of the 1.15-acre tract.

4

In 2017, BB&T moved to dismiss Dixon's complaint. On May 4, 2018, the trial court held a hearing on the motion. At the hearing, the court stated that the scrivener's affidavit probably was not the proper way to correct the mistake in the security deed, but Dixon had actual and legal notice of the property securing the debt and he took the property subject to the security deed. So the court announced that he would grant BB&T's motion.

After that announced ruling, on May 8, 2018, BB&T dismissed its counterclaims against Roak and Dixon without prejudice. And on that same day Dixon filed a document purportedly dismissing his complaint without prejudice. The trial court entered his written order on May 10, 2018, dismissing all of Dixon's claims against BB&T and noting that BB&T voluntarily had dismissed its counterclaims.

Dixon filed this appeal, challenging the dismissal of his claims for wrongful foreclosure, fraud, malicious interference with property rights, and RICO. He does not challenge the dismissal of his claims for civil theft by deception, mortgage fraud, false swearing, and subornation of false swearing.

2. *Trial court's jurisdiction to grant the motion to dismiss.*

Dixon argues the trial court lacked jurisdiction to grant BB&T's motion because he already had dismissed his complaint. We disagree. At the May 4, 2018

5

hearing, the trial court orally granted BB&T's dispositive motion. Four days later, Dixon filed a purported dismissal without prejudice.

"[L]ongstanding precedents . . . prevent a plaintiff from effectively erasing a trial court's orally-announced-but-not-yet-written-down ruling on a dispositive motion by filing a voluntary dismissal of the case without prejudice under OCGA § 9-11-41 (a). . . ." *Mondy v. Magnolia Advanced Materials,* 303 Ga. 764, 773-774 (4) (c) (815 SE2d 70) (2018) (citations and emphasis omitted). "[T]he right of voluntary dismissal has always been subject to a judicially created limitation prohibiting its exercise, even prior to trial, where there has already been an announcement by the court of its intention to rule in favor of the defendant." *Lakes v. Marriott Corp.,* 264 Ga. 475, 477 (448 SE2d 203) (1994) (citation omitted).

Dixon acknowledges this rule and seeks to have it overruled — which, of course, can happen only if certiorari is granted. "[W]e have no authority to overrule or modify a decision made by the Supreme Court of Georgia, as the decisions of the Supreme Court shall bind all other courts as precedents." *Watson v. State*, 337 Ga. App. 16, 18 (1) (785 SE2d 656) (2016) (citation and punctuation omitted).

The trial court did not lack jurisdiction to enter the written order memorializing the oral grant of BB&T's motion for judgment on the pleadings.

6

3. *Wrongful foreclosure.*

Dixon argues the trial court erred by dismissing his wrongful foreclosure claim because the 2005 security deed was invalid or, at best, conveyed only the 1.11-acre tract as security for the 2005 loan, so that BB&T's foreclosure of the 1.15-acre tract based on the security deed was wrongful. We conclude that Dixon could prove facts in support of his claim that would entitle him to relief. So we reverse the dismissal of the wrongful foreclosure claim.

"A plaintiff asserting a claim of wrongful foreclosure must establish (1) a legal duty owed to it by the foreclosing party, (2) a breach of that duty, (3) a causal connection between the breach of that duty and the injury it sustained, and (4) damages." *Canton Plaza v. Regions Bank,* 315 Ga. App. 303, 306 (1) (732 SE2d 449) (2012) (citation omitted). "A claim for wrongful exercise of a power of sale under OCGA § 23-2-114 can arise when the creditor has no legal right to foreclose." *DeGolyer v. Green Tree Servicing, LLC,* 291 Ga. App. 444, 448-449 (4) (662 SE2d 141) (2008) (citations and punctuation omitted); *Brown v. Freedman*, 222 Ga. App. 213, 214 (1) (474 SE2d 73) (1996) (same). That is precisely what Dixon alleges: BB&T had no legal right to foreclose on the property he acquired from his grandmother's estate because BB&T held no interest in that property.

BB&T argues that when a wrongful foreclosure claim is based on a mistake in the security deed, as is Dixon's claim, at least according to BB&T, then the plaintiff must have standing to reform the deed in order to sue for the wrongful foreclosure, and that Dixon lacked such standing. This is so, BB&T argues, because to have such standing, a party must be in privity with the original grantor but Dixon was not in privity with his grandmother, the original grantor. In support of this argument, BB&T relies on *Gregorakos v. Wells Fargo N. A.,* 285 Ga. App. 744, 747-748 (2) (647 SE2d 289) (2007).

However, *Gregorakos* does not support dismissal of the wrongful foreclosure claim because it does not apply here. When we properly view the allegations of Dixon's complaint in the light most favorable to him, see *Ruth v. Cherokee Funding, LLC,* 304 Ga. 574 (1) n. 2 (820 SE2d 704) (2018), his wrongful foreclosure claim is not based on a mistake in the security deed, contrary to BB&T's characterization of the claim. Rather, his claim is based on allegations that BB&T had no interest in the property, although it tried to manufacture such an interest by filing the scrivener's affidavit; that Dixon acquired the property, which was never subject to the security deed, free and clear from his grandmother's estate; and that consequently, BB&T had no legal right to foreclose. So unlike the plaintiff in *Gregorakos*, Dixon's claim is not

based on a mistake in the security deed, and he does not need standing to reform the deed in order to sue for wrongful foreclosure. (We observe that Dixon does not seek reformation of the security deed in his complaint. BB&T, however, does seek such reformation in its counterclaim.)

We do not reach the parties' arguments about notice, the validity of the security deed, the intent of the parties to the security deed, and construction of the security deed. We take as true the well-pleaded material allegations of Dixon's complaint. Proof of those allegations would entitle him to relief. *Montia,* 341 Ga. App. at 868.

4. *Malicious interference with property.*

Dixon argues that the trial court erred by dismissing his malicious interference with property claim. See OCGA § 51-9-1 ("The right of enjoyment of private property being an absolute right of every citizen, every act of another which unlawfully interferes with such enjoyment is a tort for which an action shall lie."). BB&T argued below and argues here that the malicious interference with property rights claim fails because it was derivative of the wrongful foreclosure claim. Given our holding in Division 3, supra, reversing the dismissal of the wrongful foreclosure claim, we also reverse the dismissal of the malicious interference with property claim.

5. *Fraud.*

9

Dixon argues that the trial court erred in dismissing his fraud claim. BB&T argued below and argues here that Dixon's fraud claim fails because he did not plead fraud with sufficient particularity and he could not establish the required element of justifiable reliance. We conclude that Dixon could prove facts in support of his claim that would entitle him to relief. So we reverse the dismissal of the fraud claim. BB&T's remedy at this stage of the proceeding is to seek a more definite statement.

> The tort of fraud requires a willful misrepresentation of a material fact, made to induce another to act, upon which such person acts or avoids acting to his injury. Fraud must be pled with particularity under OCGA § 9-11-9 (b). But . . . the Supreme Court of Georgia [has] held with respect to an initial motion to dismiss, or motion to strike, that a claim of fraud should not be dismissed unless it appears beyond doubt that the pleader can prove no set of facts in support of the claim which would entitle him to relief, and that the remedy at that stage of the pleading is not a motion to dismiss but a motion for more definite statement under OCGA § 9-11-12 (e).

*Roberts*, 342 Ga. App. at 78 (3) (citations and punctuation omitted).

Dixon does not dispute that he failed to allege justifiable reliance: he does not claim that he acted or failed to act upon any behavior of BB&T. Instead, he argues that justifiable reliance is not an element of the kinds of fraud he alleges. Dixon alleges suppression-of-fact fraud under OCGA § 23-2-53 and fraud by surprise under OCGA

10

§ 23-2-54. Suppression-of-fact fraud is the "[s]uppression of a material fact which a party is under an obligation to communicate . . . . The obligation to communicate may arise from the confidential relations of the parties or from the particular circumstances of the case." OCGA § 23-2-53. Fraud by surprise is "[a]nything which happens without the agency or fault of the party affected by it, tending to disturb and confuse his judgment or to mislead him, of which the opposite party takes an undue advantage. . . ." OCGA § 23-2-54.

Contrary to Dixon's argument, justifiable reliance is an element of suppression-of-fact fraud under OCGA § 23-2-53 and fraud by surprise under OCGA § 23-2-54. See *Wells Fargo Bank, N.A. v. LaTouche,* 340 Ga. App. 515, 521-522 (3) (798 SE2d 54) (2017) (addressing justifiable reliance element of claim of fraud by surprise under OCGA § 23-2-54); *ASC Constr. Equip. USA v. City Commercial Real Estate,* 303 Ga. App. 309, 315-316 (3) (693 SE2d 559) (2010) (addressing justifiable reliance element of claim of fraud by omission of material fact under OCGA § 23-2-53).

> OCGA § 9-11-9 (b) requires that all allegations of fraud must be made with particularity and not averred generally. Notice pleading is the rule in Georgia, and under OCGA § 9-11-9 (b), allegations of fraud must be pled with particularity. It is well settled that a general allegation of fraud amounts to nothing — it is necessary that the complainant show,

by specifications, wherein the fraud consists. Issuable facts must be charged.

*Dockens v. Runkle Consulting, Inc.*, 285 Ga. App. 896, 900 (2) (a) (648 SE2d 80) (2007) (citation omitted). Dixon must allege specific facts to support a finding that he acted upon or refrained from acting upon BB&T's actions. Id.

Dixon "did not meet the requisite pleading standard, but the remedy is not dismissal of the claim[]. The trial court's dismissal of the fraud . . . claim[] is reversed, and the case is remanded with direction to treat the motion to dismiss as to [that] claim[] as a motion for a more definite statement under OCGA § 9-11-12 (e)." *Roberts,* 342 Ga. App. at 79 (3) (citations omitted).

6. *RICO*.

Dixon argues that the trial court erred in dismissing his RICO claim based on BB&T's argument that he failed to sufficiently allege predicate acts. We conclude that Dixon sufficiently alleged one predicate act and on remand could allege a second. So we reverse.

To establish "a civil RICO claim, [Dixon] is required to show by a preponderance of the evidence that [BB&T] violated the RICO statute, OCGA § 16-14-4, that [he] has suffered injury, and that [BB&T's] violation of the RICO

12

statute was the proximate cause of the injury." *Cox v. Mayan Lagoon Estates Ltd.,* 319 Ga. App. 101, 109 (2) (b) (734 SE2d 883) (2012) (citations omitted). To demonstrate a violation of OCGA § 16-14-4, Dixon must "show an injury by a pattern of racketeering activity. A pattern requires at least two interrelated predicate offenses." *Brown v. Freedman,* 222 Ga. App. 213, 217 (3) (474 SE2d 73) (1996) (citations omitted). We find that Dixon has sufficiently alleged one predicate act, mortgage fraud under OCGA § 16-8-102 (5), and, upon remand, may sufficiently allege a second predicate act, theft by deception. Theft by deception and residential mortgage fraud, if shown, would constitute RICO predicate acts. See OCGA § 16-14-3 (9) (A) (ix) (2014); OCGA § 16-14-3 (9) (A) (xl) (2014).

Dixon has sufficiently alleged mortgage fraud. "A person commits the offense of residential mortgage fraud when, with the intent to defraud, such person: Files or causes to be filed with the official registrar of deeds of any county of this state any document such person knows to contain a deliberate misstatement, misrepresentation, or omission." OCGA § 16-8-102 (5). BB&T argues that Dixon cannot base his RICO claim on the mortgage-fraud allegations because he does not allege that mortgage fraud caused his injuries. A fair reading of Dixon's allegations, however, would be that the scrivener's affidavit contained a deliberate misstatement or misrepresentation

13

and was used to foreclose on the 1.15-acre tract, depriving him of his property. The recording of the scrivener's affidavit could have deprived Dixon of a valuable interest, and therefore defrauded him. BB&T has not shown that Dixon would not be entitled to relief under any state of provable facts asserted in support of his allegations. *Dekalb County,* 270 Ga. at 779 (2).

BB&T argues that Dixon has not sufficiently alleged the predicate act of theft by deception of the 1.15-acre tract, because he has not alleged that he reasonably relied on any action of BB&T. "Without reasonable reliance on a false representation, there can be no deception, and without deception, of course, there can be neither theft by deception nor a valid RICO claim based upon theft by deception." *Vernon v. Assurance Forensic Accounting, LLC,* 333 Ga. App. 377, 392 (4) (774 SE2d 197) (2015) (citation and punctuation omitted). As discussed in Division 5, supra, we agree that Dixon has not alleged reliance. But we have remanded the case for further proceedings on this issue in the context of the fraud claim. Given this resolution, it is premature to hold that Dixon has failed to sufficiently allege theft by deception.

As Dixon's complaint could allege on remand that he was injured by at least two predicate acts which could constitute a pattern of racketeering activity, BB&T has not shown that Dixon could not possibly introduce evidence within the framework of

14

the complaint sufficient to grant relief on the RICO claim. The dismissal of Dixon's RICO claim is therefore reversed.

7. *Emotional distress damages*.

Dixon argues that the trial court erred by ruling that the two-year statute of limitation bars his recovery of emotional distress damages under his claims having a four-year statute of limitation. We find no basis for reversal.

Early in the proceedings, BB&T moved to dismiss the infliction of emotional distress count of Dixon's complaint as well as his prayers for emotional distress damages sought under his other counts. It attached to its motion a proposed order that, among other things, dismissed Dixon's "claim for infliction of emotional distress, including all claims and prayers for damages arising out of any injury personal to [Dixon], including but not limited to those damages denominated as for distress, fear, or mental anguish, however described. . . ." Dixon filed a response to the motion, stating that he had "no opposition to the proposed order attached to [BB&T's] Motion to Dismiss being entered by the Court." The trial court signed and entered the proposed order.

Dixon now argues that the trial court erred by entering the order. "Even if the trial court committed error, [Dixon] cannot now complain since [he] induced the

error" by affirmatively stating that he had "no opposition to the proposed order." *Video Warehouse v. Newsome*, 285 Ga. App. 786, 788 (648 SE2d 124) (2007). "A party cannot complain of a judgment, order, or ruling that his own conduct produced or aided in causing." *Carnett's, Inc. v. Hammond,* 279 Ga. 125, 130 (6) (610 SE2d 529) (2005) (citation and punctuation omitted).

*Judgment affirmed in part, reversed in part and case remanded with direction. Markle, J., concurs in part and dissents in part. Rickman, J., concurs in judgment only.\**

**\*THIS OPINION IS PHYSICAL PRECEDENT ONLY. SEE COURT OF APPEALS RULE 33.2(a).**

A18A2010. DIXON et al. v. BRANCH BANKING AND TRUST COMPANY.

MARKLE, Judge, concurring in part and dissenting in part.

I concur with the majority's decision to affirm the dismissal of the emotional distress claim. With regard to Appellant's claims of fraud and RICO, I also concur with the conclusion that those matters must be remanded to the trial court. As this case is currently before us to review a ruling on a motion to dismiss, I must agree that Appellant may be able to allege facts that are sufficient enough to support those contentions, as unlikely as that may be. As for Appellant's remaining claims for wrongful foreclosure and the derivative tort claim of malicious interference with property, however, I believe those matters are conclusively controlled by our decision

in *Gregorakos v. Wells Fargo N.A.*, 285 Ga. App. 744 (647 SE2d 289) (2007), and so I respectfully dissent.

In *Gregorakos*, we held that a plaintiff could establish standing to bring a wrongful foreclosure claim based upon a faulty security deed when she is in privity of estate with the grantor, which is required to reform a deed in equity based upon mutual mistake. Id. at 746-747 (1), (2). Otherwise, a plaintiff cannot show the necessary elements to support a claim for wrongful foreclosure. Id. at 747-748 (citing *Heritage Creek Dev. Corp. v. Colonial Bank*, 268 Ga. App. 369, 371 (1) (601 SE2d 842) (2004)).

Here, the majority acknowledges that Appellant was not in privity with Appellee, but attempts to distinguish *Gregorakos* so as to allow Appellant to challenge Appellee's right to foreclose ex post facto. I find those efforts unavailing. Just as in *Gregorakos*, Appellant had no legally cognizable interest in the property at the time the grantor conveyed her interest in the property via the security deed in question. Just as in *Gregorakos*, the legal description in the security deed was erroneous. Just as in *Gregorakos*, Appellant had at least constructive notice that the open security deed encumbered the property at the time he obtained his interest. As a result, I would find that on the facts as alleged, Appellant cannot recover for any

2

defect in the security deed that he contends led to the wrongful foreclosure and I would affirm the trial court.  Accordingly, I respectfully dissent.