[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13662
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-04458-TWT

KIMELYN A. MINNIFIELD,

Plaintiff-Appellant,

versus

WELLS FARGO BANK, N.A.,
as Trustee for the Pooling and Servicing
Agreement dated as of May 1, 2005
Asset Backed Pass-Through
Certificates, Series 2005-WHQ3,
ARGENT MORTGAGE COMPANY, LLC,
WEISSMAN, P.C.,
OCWEN LOAN SERVICING, INC.,
CITI RESIDENTIAL LENDING, INC.,
CITI FINANCIAL SERVICING, INC.,
BARCLAY'S CAPTITAL REAL ESTATE, INC.,

Defendant-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 30, 2019)

Before TJOFLAT, JORDAN, and GRANT, Circuit Judges.

PER CURIAM:

Kimelyn A. Minnifield appeals the district court's dismissal of her complaint for declaratory relief and damages against appellees Wells Fargo Bank, N.A., Argent Mortgage Company, LLC, Weissman, P.C., Ocwen Loan Servicing, Inc., Citi Residential Lending, Inc., Citi Financial Servicing, Inc., and Barclay's Capital Real Estate, Inc. Because Ms. Minnifield did not object to the magistrate judge's report and recommendation, she waived the right to challenge the district court order adopting it. Although we retain the ability to review the district court's order for plain error, we see no such error in the dismissal of her claims based on lack of standing and collateral estoppel.

**I**

Ms. Minnifield received a mortgage loan from Argent Mortgage Company, LLC in 2005 and defaulted on the loan in 2007. In 2009, Barclays Capital Real Estate, Inc., the former servicer of the loan, executed and recorded an assignment purporting to transfer the underlying debt and security deed from Argent to Wells Fargo Bank, N.A. There are three other recorded assignments, all executed by or on behalf of Argent in favor of Wells Fargo—the second recorded in 2013, and the third and fourth recorded in 2016 and 2017 as corrective assignments. In 2009, Wells

2

Fargo and its loan servicer, Ocwen Loan Servicing, Inc., first sought to foreclose on the property that secured the loan.

In November of 2009, after Wells Fargo and Ocwen initiated foreclosure, Ms. Minnifield filed the first of three lawsuits pertaining to the loan. She filed the first lawsuit in the Superior Court of DeKalb County, Georgia, alleging that the law firms retained by Wells Fargo and Ocwen initiated foreclosure in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692f(6)(A). This claim was based on her allegation that Argent did not assign the deed to Wells Fargo, which therefore did not have a valid and enforceable security interest in the property. The defendants removed the case to federal court and obtained summary judgment in their favor based on a ruling that Wells Fargo had a valid security interest in the property when it initiated foreclosure in 2009. We affirmed. *See Minnifield v. Johnson & Freedman II, LLC*, 2013 WL 3287184 at *2 (11th Cir. July 1, 2013).

In May of 2013, Ms. Minnifield filed a second complaint in the Superior Court of Fulton County, Georgia, this time against Wells Fargo and another law firm, Richard B. Maner, P.C., again alleging that Wells Fargo did not have a valid and enforceable security interest in the property. The state court granted the defendants' motion to dismiss, holding that Ms. Minnifield's claims were barred by collateral estoppel based on this Court's decision in the first lawsuit. The Georgia Court of

3

Appeals affirmed.  *See Minnifield v. Wells Fargo Bank, N.A.*, 771 S.E.2d 188, 191 (Ga. App. 2015).

Ms. Minnifield then filed this lawsuit in November of 2017 and subsequently filed an amended complaint.  Each claim in the amended complaint was based on the same allegation in the first two lawsuits—that Wells Fargo did not have a valid and enforceable security interest in the property.  The claims against the defendants included violations of the FDCPA and state law fraud, residential mortgage fraud, and trespass.  Ms. Minnifield also sought a declaration regarding the validity of the assignment based on the ability of appellees Citi Residential, Inc., Citi Financial Servicing, Inc., and Barclays to execute the assignment under power of attorney granted by Argent.

On June 8, 2018, the magistrate judge issued a report and recommendation to the district court recommending dismissal of the suit.  Ms. Minnifield did not object, though the district court waited fifty days to adopt the report and recommendation on July 31, 2018.

Adopting the report and recommendation, the district court explained that the basis for every claim in the amended complaint was that Wells Fargo had not conclusively demonstrated it held a valid security interest in the property.  Because that issue had already been decided with preclusive effect in the first lawsuit, and because Ms. Minnifield had had a full and fair opportunity to litigate that issue, the

4

district court held that she was barred by collateral estoppel from re-litigating the issue here.

Ms. Minnifield argued that because there were subsequent corrective assignments, recorded after she had filed her initial lawsuit, she was not barred by collateral estoppel.  The district court held that even assuming the subsequent assignments were invalid, they would have simply failed to correct or amend the first and/or second assignments, the validity of which had already been established in the first lawsuit and which Ms. Minnifield was estopped from re-litigating.  If the assignments were in fact valid, then they merely corrected the assignment from Argent to Wells Fargo and Wells Fargo would remain the holder of the deed with a valid security interest in the property.  Either way, because Ms. Minnifield was barred by collateral estoppel from challenging the original assignment to Wells Fargo, all of her claims failed.

As a separate basis for dismissal, the district court held that the amended complaint did not contain sufficient factual allegations to provide Ms. Minnifield with standing to challenge the assignment to Wells Fargo.  Because she was not a party or beneficiary to the assignment contract, she lacked standing to sue under that contract.  Moreover, the district court ruled that Ms. Minnifield did not allege sufficient facts to "indirectly" challenge the assignment under *Ames v. JP Morgan Chase Bank, N.A.*, 783 S.E.2d 614 (Ga. 2016), or *Bank of America, N.A. v. Johnson*,

5

792 S.E.2d 704 (Ga. 2016), the two cases on which she relied.  In *Ames* the Georgia Supreme Court left open the possibility for indirect challenges to "unrecorded or facially insufficient assignments," but Ms. Minnifield did not allege as much in her amended complaint.  *See Ames*, 783 S.E.2d at 622.  Ms. Minnifield also did not allege that Argent relinquished the deed back to her and, as a result, she lacked standing to challenge the deed under *Johnson*.  *See Johnson*, 792 S.E.2d at 706.

## II

By failing to object to the report and recommendation, Ms. Minnifield waived "the right to challenge on appeal the district court's order."  11th Cir. R. 3-1.  We nevertheless retain the ability to "review on appeal for plain error if necessary in the interests of justice."  *Id.*

"Plain error review is an extremely stringent form of review.  Only in rare cases will a trial court be reversed for plain error."  *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1329 (11th Cir. 1999).  "For there to be plain error, there must (1) be error, (2) that is plain, (3) that affects the substantial rights of the party, and (4) that seriously affects the fairness, integrity, or public reputation of a judicial proceeding."  *Brough v. Imperial Sterling Ltd.*, 297 F.3d 1172, 1179 (11th Cir. 2002). This means that without "precedent directly resolving" the appellant's argument there can be no plain error. *See United States v. Humphrey*, 164 F.3d 585, 588 (11th Cir. 1999).  *See also United States v. Lejarde-Rada*, 319 F.3d 1288, 1291

(11th Cir. 2003) (holding "there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it"). But even where an error occurs, and even where it is plain, the error must still "seriously affect the fairness, integrity, or public reputation of the proceeding." *Brough*, 297 F.3d at 1180.

Ms. Minnifield has not demonstrated that the district court committed plain error. Under this extremely stringent standard of review, we see no error in the holding that Ms. Minnifield's claims were barred by collateral estoppel. The central issue of her amended complaint has been decided on the merits in a prior lawsuit and Ms. Minnifield had a full and fair opportunity to litigate that issue. Ms. Minnifield has not pointed to a statute or rule, or precedent from this Court or the Supreme Court, directly resolving the issue in her favor.

Likewise, we see no plain error in the district court's holding that she lacked standing to challenge the assignment to which she was neither a party nor a beneficiary. Ms. Minnifield concedes that she lacks standing to challenge the assignment directly, *see* Appellant's Br. at 31, and the thorough and well-reasoned report and recommendation disposes of Ms. Minnifield's argument that she can challenge the assignment indirectly under *Ames* or *Johnson.* On appeal, Ms. Minnifield does not point to any other cases—or statutes or rules—that would directly resolve the standing issue in her favor.

## III

The district court did not commit plain error in dismissing Ms. Minnifield's amended complaint based on lack of standing and collateral estoppel.

**AFFIRMED.**