## A09A0690. LEHMAN et al. v. KELLER.

(677 SE2d 415)

MIKELL, Judge.

Kamran Lehman and Chunyan Lehman ("buyers") purchased a home in Augusta from Jeff Keller III, a licensed real estate agent, in 2004. In 2007, the buyers sued Keller, claiming that he fraudulently concealed termite damage and breached the parties' contract. Keller moved for summary judgment. The trial court granted the motion, and the buyers appeal. We affirm.

To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case.[1]

Our review of the grant of summary judgment is de novo.[2]

Properly viewed, the record shows that Keller had purchased the house from the Department of Housing and Urban Development in February 2004 as investment property. He marketed the property for sale and secured a potential buyer. An inspection performed by Gerald Hargrove for that buyer on June 18, 2004, revealed rotted wooden fascia, siding, flooring, and subflooring. Wood infestation inspection reports performed by Bobby Durham[3] on June 8 and August 17, 2004, both revealed previous infestation. The June 8 report showed visible damage. The potential buyer declined to complete the purchase.

The buyers in the case at bar entered into a Purchase and Sale Agreement ("Agreement") with Keller on December 11, 2004, to purchase the property for $70,400. Pursuant to the inspection clause in the Agreement, the buyers had ten days from the date of signing to submit an inspection report and an amendment setting forth

---

[1] (Emphasis omitted.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

[2] *Home Builders Assn. of Savannah v. Chatham County*, 276 Ga. 243, 245 (1) (577 SE2d 564) (2003).

[3] Durham is part owner of Blounts Complete Home Services, Inc. d/b/a Hephzibah Termite & Pest Control. The buyers added Durham and Blounts as defendants. Those defendants moved for summary judgment, which was denied. That order has not been appealed.

defects in the property. The clause states that if the buyers fail to do so, then they accept the property "as is . . . with all faults including but not limited to . . . damage from termites and other wood destroying organisms." It is undisputed that the buyers did not conduct an inspection prior to closing. In addition, the seller's property disclosure statement ("SPD"), which was incorporated into the Agreement, disclosed that Keller had knowledge of termite damage under the house that had been repaired. Keller also disclosed that the property had been inspected during the previous year and that the house had been built in 1949. Kamran Lehman deposed that he was not aware of any action Keller took to prevent the buyers or their agent from inspecting the property; and that Lehman was aware that the house had been inspected previously, but his agent "explained that away."

Durham issued a wood infestation inspection report on December 21, 2004, but this report did not reveal the previous infestation. Durham deposed that he did not observe the same damaged wood in December that he saw in June. Keller deposed that Durham had informed him of the previous infestation and that Keller hired a company to repair the damage.

The sale closed on or about December 23, 2004, and the buyers moved into the house. Kamran Lehman deposed that he noticed "minor problems" at first but had no reason to contact Keller. Then the buyers decided to sell the house. It was inspected for a potential buyer by Hargrove on October 19, 2005. In an affidavit, Hargrove stated that he found damaged wood caused in part by active and past termite infestation and that the damage was present when he inspected the house in 2004. Hargrove further averred that numerous other defects needed to be repaired; that Keller was present during the first inspection as well as all follow-up inspections while the sale was pending to the first potential buyer; that all the same defects that were present at that time still existed; and that the bulk of the repairs made by Keller were "coverup" in nature and unacceptable.

Still, the buyers did not contact Keller. They finally hired an attorney who sent Keller a letter on May 23, 2006, notifying him of the buyers' intent to rescind the Agreement. The letter was sent 18 months after the buyers closed on the property.

1. The trial court granted summary judgment to Keller on the buyers' fraud claim, ruling that the buyers could not establish an essential element of the claim, justifiable reliance, as a matter of law. The buyers challenge this ruling, contending that their reliance on the December 2004 wood infestation report, which showed no damage, created a question of fact. We disagree.

"The tort of fraud has five elements: (1) a false representation or

omission of a material fact; (2) scienter; (3) intention to induce the party claiming fraud to act or refrain from acting; (4) justifiable reliance; and (5) damages."[4] When, as in the case at bar, the buyers allege fraudulent concealment, they must prove, as a factor of justifiable reliance, that they could not have discovered the alleged defect in the exercise of due diligence.[5] "While questions of due diligence often must be resolved by the trier of fact, that is not always the case. One may fail to exercise due diligence as a matter of law."[6]

The buyers argue that Keller fraudulently concealed wood damage and other defects by making minor "coverup" repairs. However, "the law in Georgia is well-settled that in the purchase and sale of real estate[,] . . . one cannot be permitted to claim that he has been deceived by false representations about which he could have learned the truth of the matter and could have avoided damage."[7] In this case, Keller disclosed to the buyers the fact that the property had been inspected in the previous year. Kamran Lehman deposed that he was aware of that fact yet never requested a copy of the inspection report. Furthermore, the buyers elected not to exercise their right under the Agreement to perform their own inspection prior to closing. Therefore, pursuant to the Agreement, they accepted the property "as is." "When the means of knowledge are at hand and equally available to both parties to a contract of sale, if the purchaser does not avail himself of these means, he will not be heard to say, in impeachment of the contract, that he was deceived by the representations of the seller."[8] By their inaction, the buyers failed to exercise due diligence as a matter of law.[9]

2. The buyers further contend that the trial court erred in granting summary judgment to Keller on their rescission claim. Again, we disagree. The claim has been waived as a matter of law.

"In general, a party alleging fraudulent inducement to enter a contract has two options: (1) affirm the contract and sue for damages from the fraud or breach; or (2) *promptly* rescind the contract and sue in tort for fraud."[10] "Rescission, as a forfeiture of rights under an

---

[4] (Punctuation and footnote omitted.) *Meyer v. Waite*, 270 Ga. App. 255, 257 (1) (606 SE2d 16) (2004).

[5] Id. at 257-258 (1).

[6] (Punctuation omitted.) Id. at 258 (1), citing *Fowler v. Overby*, 223 Ga. App. 803, 804 (1) (478 SE2d 919) (1996).

[7] (Citation and punctuation omitted.) *Hanlon v. Thornton*, 218 Ga. App. 500, 501-502 (1) (462 SE2d 154) (1995).

[8] (Citation and punctuation omitted.) Id. at 502 (1).

[9] See *Meyer*, supra at 258 (1) (a); *Fowler*, supra; *Hanlon*, supra.

[10] (Punctuation omitted; emphasis supplied.) *Ekeledo v. Amporful*, 281 Ga. 817, 819 (1)

otherwise valid contract, is not favored under the law, and courts are quick to find that the right to rescind has been waived. Waiver generally is found where the intent to rescind is not asserted in a timely fashion."[11] The party asserting rescission must announce his intent to do so as soon as the facts underlying the claim are known.[12]

In the case at bar, the buyers deposed that they discovered all the defects of which they now complain in October 2005, in the course of an inspection performed for a potential buyer. Yet they made no complaint to Keller and did not demand rescission until May 2006, 18 months after closing. The buyers thus failed as a matter of law promptly to rescind the Agreement and have waived their claim for rescission.[13]

The buyers contend that, even if their attempted rescission was untimely, their claim for breach of contract remains viable because Keller made misrepresentations in the Agreement itself.[14] In this regard, Paragraph 7 states:

> Unless otherwise noted on the [SPD], to the best of Seller's knowledge, the information contained in any . . . later provided [wood infestation] Report is accurate and complete, and no other termite inspections have been performed or reports issued, the findings of which are inconsistent with

the final report. The Agreement also required Keller to provide at closing a letter stating that the home has been inspected and is free from active infestation caused by termites or other wood-destroying organisms. Keller disclosed prior termite damage on the SPD by checking "yes" next to the following question: "Do you have any knowledge of any past or present damage to Property caused by . . . termites . . . ?" Keller also provided a termite letter, thus satisfying his obligations under the contract.

The buyers complain that Keller failed to disclose the wood infestation inspection reports performed on June 8 and August 17, 2004, both of which revealed previous infestation, thereby creating

---

(642 SE2d 20) (2007), citing *Ainsworth v. Perreault*, 254 Ga. App. 470, 471 (1) (563 SE2d 135) (2002).

[11] (Footnote omitted.) *Meyer*, supra at 260 (2).

[12] *Holloman v. D. R. Horton, Inc.*, 241 Ga. App. 141, 146 (3) (524 SE2d 790) (1999).

[13] See *Harkins v. Channell*, 274 Ga. App. 478, 481 (1) (618 SE2d 129) (2005) (where plaintiffs sought rescission 18 months after signing contract and one year after filing complaint, claim held waived); *Buckley v. Turner Heritage Homes*, 248 Ga. App. 793, 795 (2) (547 SE2d 373) (2001) (delay of ten months resulted in waiver of rescission claim).

[14] See, e.g., *Fann v. Mills*, 248 Ga. App. 460, 464 (2) (546 SE2d 853) (2001) (merger clause in contract did not prevent buyer from claiming detrimental reliance on representations regarding termites).

an issue of fact for jury resolution. We disagree. "Notice sufficient to excite attention and put a party on inquiry shall be notice of everything to which it is afterwards found such inquiry might have led. Ignorance of a fact, due to negligence, shall be equivalent to knowledge, in fixing the rights of the parties."[15] Here, the buyers knew of previous termite damage to the house yet elected to forego a pre-closing inspection. Any claim for breach of contract based on misrepresentations made by Keller in the Agreement thus fails as a matter of law.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED APRIL 7, 2009.

*Johnston, Wilkin & Williams, Wendell E. Johnston, Jr.,* for appellants.

*Burnside Wall, Mark B. Williamson,* for appellee.

---

[15] (Citation and punctuation omitted.) *Webb v. Rushing,* 194 Ga. App. 732, 733 (2) (391 SE2d 709) (1990).