**FIRST DIVISION
BARNES, P. J.,
MERCIER and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**June 24, 2019**

# In the Court of Appeals of Georgia

A19A0351. JPMORGAN CHASE BANK, N. A. et al. v. DURIE.

MERCIER, Judge.

Robert Durie filed a complaint for wrongful foreclosure against JPMorgan Chase Bank, N. A. ("Chase") and Federal National Mortgage Association ("Fannie Mae") (collectively the "Appellants"). The trial court denied the Appellants' motion to dismiss. The Appellants appeal the trial court's order. For the following reasons, we reverse.

We review the trial court's ruling on motions to dismiss de novo. *Montia v. First-Citizens Bank & Trust*, 341 Ga. App. 867, 869 (801 SE2d 907) (2017). "The motion to dismiss should not be granted unless the averments in the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state

of facts which could be proved in support of his or her claim." Id. at 868 (citation and punctuation omitted).

On April 20, 2012, Durie filed his wrongful foreclosure complaint against the Appellants. The complaint, as amended, asserted that Durie, along with his now deceased father, Samuel Durie, purchased real property in Sharpsburg, Georgia on August 27, 2002, from Kenneth Colby and Linda Colby.[1] Durie obtained a mortgage from Georgia Mortgage Services, Inc., to purchase the property. Durie claims that before he purchased the property the Colbys and "their agents" made misrepresentations to him regarding the construction of the house and the condition of the land, such as that the property had "passed all building permit inspections and was suitable for human habitation." Durie states that Georgia Mortgage Services obtained an appraisal which stated that the property was in "excellent physical condition and suffered from no major structural defects[.]" As a result of these misrepresentations, Durie claims that he paid more than $150,000 in excess of the price the Colbys paid to purchase the same property. On the date the Duries purchased the

---

[1] Kenneth Colby and Linda Colby were added as defendants to the underlying action and subsequently dismissed. They are not parties to this appeal.

property, Georgia Mortgage Services assigned its security interest to Washington Mutual Bank.

After Durie moved into the property, in November 2002, he discovered "numerous building and structural defects that severely reduced the value of the house from the original purchase price." Durie asserted that "all representations regarding the [property] condition made by [Georgia Mortgage Services], the Colbys, or their relators were false and were known to be false at the time the contract was entered [into] by the parties."

In 2008, Washington Mutual Bank "merged into" Chase. Thereafter, in August 2009, Durie began to fall behind on his mortgage payments. Chase foreclosed on the property on December 7, 2010.[2] Chase generated a new title in its name and filed a quitclaim deed transferring the property to Fannie Mae for a nominal sum. On January 12, 2011, Fannie Mae filed a dispossessory action against Durie in Coweta County magistrate court and received an order for possession of the property on August 2, 2011.

---

[2] While the complaint states that the foreclosure occurred on December 7, 2011, this appears to be a scriveners error as the parties both state in their appellate briefs that the foreclosure occurred in December, 2010.

Durie's wrongful foreclosure claim states that Chase failed to comply "with its statutory duties to exercise the power of sale set forth in the Security Deed" and seeks "rescission of the foreclosure and reinstatement as title [owner] of the Property." Durie seems to claim that the foreclosure notice was deficient because the contact information on the foreclosure notice was listed for "Washington Mutual Bank," but when Durie called the listed telephone number he was connected to Chase, who had told him on a prior occasion that it had no authority to modify his mortgage.

The Appellants filed a motion to dismiss Durie's third amended complaint, claiming, inter alia, that they could not be held liable for statements made by Georgia Mortgage Services, the Colbys and their real estate agents. Following a hearing, the trial court denied the Appellants' motion to dismiss. The Appellants argue that the trial court erred by failing to dismiss Durie's breach of contract, fraudulent inducement, wrongful foreclosure, quiet title, negligence and declaratory judgment claims.

1. The Appellants state that the trial court erred by failing to dismiss the breach of contract claim, which Durie expressly abandoned. Durie conceded in both his response to the Appellants' motion to dismiss and in his appellate brief that he "has not pursued a Breach of Contract claim against [the] Appellants." As such, the trial

4

court erred in denying the Appellants' motion to dismiss Durie's breach of contract claim.

2. The Appellants argue that Durie fails to state a fraudulent inducement claim because Durie does not contend that the Appellants made any fraudulent statements. Instead, Durie alleges that the misrepresentations were made by the Colbys, their agents and Georgia Mortgage Services, but through the Appellants' "assumption of the security interest" the Appellants are "likewise liable" for the statements.

"The tort of fraud[,] including fraudulent inducement[,] has five elements: a false representation by a defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff." *Stafford* v. *Gareleck*, 330 Ga. App. 757, 762 (2) (769 SE2d 169) (2015) (citation and punctuation omitted). "Although OCGA § 9-11-9 (b) requires that claims of fraud be pled with particularity, a complaint alleging fraud should not be dismissed for failure to state a claim unless it appears beyond a doubt that the pleader can prove no set of facts in support of his claim which would entitle him to relief." Id. (citation and punctuation omitted).

Durie's claim that the Appellants are "likewise liable" for the statements made by the Colbys, their agents and Georgia Mortgage Services through their assumption

5

of the security interest is insufficient to state a claim for fraudulent inducement. See *Stafford*, supra. A key element of fraudulent inducement is a "false representation by a defendant." Id.; see also *Wall v. Century 21 Winnerville Realty*, 244 Ga. App. 762, 763-764 (1) (536 SE2d 798) (2000) (an essential element of a fraudulent inducement claim is "a representation *made by the defendant*") (citation omitted; emphasis supplied). Here Durie does not claim that Chase or Fannie Mae, the only remaining defendants in the underlying action, made any representations to him or his father to induce them to buy the property. Moreover, Durie does not claim that Chase or Fannie Mae had an interest in the property until after the Duries had purchased the property. As such, Durie can prove no set of facts in support of his fraudulent inducement claim which would entitle him to relief from Chase or Fannie Mae. See generally *Stafford*, supra. Of note, the present matter is unlike cases where this Court has reversed and remanded for a more definite statement of fraud. See *Babalola v. HSBC Bank USA*, 324 Ga. App. 750, 755 (2) (c) (751 SE2d 545) (2013) (where a pro se plaintiff failed to identify the allegedly fraudulent acts or statements on which his fraud claim was based, the proper remedy was a more definite statement, not a dismissal); *Osprey Cove Real Estate v. Towerview Constr.*, 343 Ga. App. 436, 441 (3) (808 SE2d 425) (2017) (where complaint vaguely discussed "the alleged one-sided nature" of the

6

contracts, but failed to specifically identify instances of fraud, the matter was reversed for a more definite statement.). In the present matter Durie has identified with particularity the alleged misrepresentations made by the Colbys, their agents and Georgia Mortgage Services. As he does not claim that Chase or Fannie Mae made any of the statements, and no evidence could be presented to support his fraudulent inducement claim against Chase and Fannie Mae as they did not have an interest in the property at the time the inducements were made, Durie fails to state a fraudulent inducement claim. See generally *Stafford*, supra; *Babalola*, supra at 752 (2).

3. The Appellants argue that Durie fails to state a claim for negligence because they did not owe Durie a duty to investigate appraisal fraud. Durie claims that the Appellants are guilty of negligence "through their adoption of the security interest in the mortgage as well as their failure to detect that there was a significant increase in the sale price of the Property that was indicative of mortgage fraud."

> The essential elements of a negligence claim are the existence of a legal duty; breach of that duty; a causal connection between the defendant's conduct and the plaintiff's injury; and damages. Thus, the threshold issue in a negligence action is whether and to what extent the defendant owes a legal duty to the plaintiff. A legal duty sufficient to support liability in negligence is either a duty imposed by a valid statutory enactment of the

7

legislature or a duty imposed by a recognized common law principle declared in the reported decisions of our appellate courts.

*Ceasar v. Wells Fargo Bank*, 322 Ga. App. 529, 533 (2) (b) (744 SE2d 369) (2013) (citation and punctuation omitted).

Durie failed to allege any cognizable statutory or common law duty that the Appellants allegedly breached. The Appellants had no statutory or common law duty to investigate the sale price of the property, and the "adoption of the security interest" did not create a duty. "It is well settled that a bank owes no legal duty to act as a customer's legal or financial advisor." *Baxter v. Fairfield Financial Svcs.*, 307 Ga. App. 286, 293 (4) (704 SE2d 423) (2010) (citation and punctuation omitted). There is "no confidential relationship between lender and borrower or mortgagee and mortgagor for they are creditor and debtor with clearly opposite interests. The mere fact that one reposes trust and confidence in another does not create a confidential relationship." Id. As the Appellants did not owe a legal duty sufficient to support liability in negligence to Durie, the trial court erred by denying the motion to dismiss Durie's negligence claim. See *Ceasar*, supra at 533 (2) (b).

4. The Appellants contend that Durie fails to state a claim for wrongful foreclosure because he sought relief in equity but he never tendered the full amount

8

owed on his loan. "He who would have equity must do equity, and give effect to all equitable rights in the other party respecting the subject matter of the suit." *Berry v. Govt. Nat. Mtg. Assn.*, 231 Ga. 503 (202 SE2d 450) (1973) (citation omitted). "[I]n a typical wrongful foreclosure action, the plaintiff is required to tender the amount due under the security deed and note in order to maintain an action in equity." *Metro Atlanta Task Force for the Homeless v. Ichthus Community Trust*, 298 Ga. 221, 236 (4) (a) (780 SE2d 331) (2015) (citation and footnote omitted). There are exceptions, such as when the sale of notes was procured via improper actions of the mortgagee which may have prevented the mortgagor from tendering its debt. See id. However, grounds such as "poverty, non-compliance with foreclosure procedures, or other acts not involving tortious interference with the funds that would potentially comprise the tender itself" will not serve as an excuse for failure to tender the amount due under the security deed. Id. at 237 (4) (a) (citations omitted).

Durie states in his complaint that he "made regular payments due on [the] mortgage until August 2009, when [he] experienced a financial hardship and began falling behind on the payments." Durie does not claim that he tendered the full amount due under the security deed. As such, because Durie failed to "do equity and tender the amount due under the security deed and note," he cannot state a claim for wrongful

9

foreclosure. *Berry*, supra at 503 (citations omitted); see also *Ceasar*, supra at 532-533 (2) (a) (affirmed dismissal of a wrongful foreclosure claim in equity as the mortgagors "admittedly fell behind on their mortgage payments, and they did not tender the balance due on their loan").

5. Durie seeks declaratory judgment that Fannie Mae "has no legal or beneficial interest or title in the Property."

> A declaratory judgment is authorized when there are circumstances showing a necessity for a determination of the dispute to guide and protect the plaintiff from uncertainty and insecurity with regard to the propriety of some future act or conduct, which is properly incident to his alleged rights and which if taken without direction might reasonably jeopardize his interest.

*Sparra v. Deutsche Bank Nat. Trust*, 336 Ga. App. 418, 422 (1) (e) (785 SE2d 78) (2016) (citation omitted). "[W]here the party seeking declaratory judgment does not show it is in a position of uncertainty as to an alleged right, dismissal of the declaratory judgment action is proper[.]" *Walker v. Owens*, 298 Ga. 516, 519 (783 SE2d 114) (2016) (citation and punctuation omitted).

The pleadings make clear that Durie is not entitled to the declaration he seeks. In his complaint, Durie states that Fannie Mae holds the quitclaim deed and received

10

an order granting possession of the property, which was obtained in a separate dispossessory proceeding. Durie does not claim that he appealed the dispossessory proceeding. As Durie has failed to claim that he is in a position of uncertainty, he has failed to state a claim for declaratory judgment. See *Sparra*, supra at 422 (1) (e).

6. Finally, the Appellants argue that the trial court erred in denying their motion to dismiss Durie's quiet title claim as Durie does not allege that he holds title to the land. We agree.

"[A] deed to land for the purpose of securing a debt passes legal title to the lender. Such a deed does not, however, transfer equitable title. That is, the lender does not gain complete title over the property unless and until it forecloses thereon." *Metro Atlanta Task Force for the Homeless*, supra at 235 (3) (citations omitted). Here, Durie states in his complaint that Chase foreclosed on the property. Even though Durie claims that the foreclosure was wrongful, he was still "divested of all title at that point." Id. Accordingly, the trial court erred in denying the Appellant's motion to dismiss the quiet title claim. See id. at 235-236 (3) ("To state a claim for quiet title relief, a plaintiff must allege more than a right to acquire title; it must allege that it presently holds current title or current prescriptive title.") (citation and punctuation omitted).

*Judgment reversed. Barnes, P. J., and Brown, J., concur.*

11