**FIFTH DIVISION**
**REESE, P. J.,**
**RICKMAN and COLVIN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**October 27, 2020**

# In the Court of Appeals of Georgia

A20A0978. NAJARIAN CAPITAL, LLC v. CLARK, et al.

REESE, Presiding Judge.

The Appellant, Najarian Capital, LLC, appeals from the trial court's order granting the motion to dismiss of John C. Clark; Clark Law Group, LLC; Tahra T. Porterfield; Terrace Towers, LLC; and Glengarry Holdings, LLC (collectively, "Clark Appellees") for alleged damages resulting from the sale of a foreclosed property and for dismissing sua sponte, Old Virginia Unit Owners Association, Inc. ("Old Virginia"),[1] a condominium association. For the reasons set forth infra, we affirm the decisions of the trial court.

---

[1] The Clark Appellees and Old Virginia will be collectively referred to as "the Appellees" throughout this opinion.

Viewed in favor of the Appellant as the non-movant,[2] the record shows that, according to the original complaint, in 2017, Prince Clement[3] owned a condominium located at 6354 Shannon Parkway, Unit 26A in Union City ("the Property") which was subject to assessments issued by Old Virginia. Clement failed to pay the assessments, and in October 2017, Old Virginia filed an action against Clement, seeking a judicial foreclosure, damages, and attorney fees. Clement sold the Property to Glengarry Holdings through a quitclaim deed that was filed and recorded on January 4, 2018, in the real estate records of Fulton County. On January 4, 2018, a security deed dated October 2, 2017 ("Security Deed") was recorded which conveyed a "revolving line of credit security deed" from Glengarry Holdings to Terrace Towers. About two weeks later, Terrace Towers advertised a foreclosure sale of the Property in the Fulton County Daily Report. The language contained in the published notice of the foreclosure advertisement for the Property stated in part,

> The debt secured by [the] Security Deed has been accelerated and is hereby declared due because of, among other possible events of default, failure to pay the [i]ndebtedness as and when due and in the matter provided in the agreement and the Security Deed. The debt [on the

---

[2] See *Mooney v. Mooney*, 235 Ga. App. 117 (508 SE2d 766) (1998).

[3] Clement is not a party to this lawsuit.

Property] remaining in default, this sale will be made for the purpose of paying the same and all expenses of this sale, as provided in the Security Deed and by law, including attorneys' fees (notice of intent to collect attorneys' fees having been given). [The Property] will be sold subject to outstanding ad valorem taxes, homeowners association liens whether or not recorded, filed or inchoate (including taxes which are a lien, but not yet due and payable), any matters which might be disclosed by an accurate survey and inspection of the property, and assessments, liens, encumbrances, zoning ordinances, restrictions, covenants, and matters of record, or not, superior to the Security Deed first set out above.

The Appellant purchased the Property on February 6, 2018 at the foreclosure sale.

A deed under power for the Property was filed and recorded on February 20, 2018, listing the Appellant as the highest bidder. In the deed under power, the Property was conveyed to the Appellant:

TO HAVE AND TO HOLD the said described property, in FEE SIMPLE, subject only to unpaid ad valorem tax liens which are not yet due and payable, any matters which might be disclosed by an accurate survey and inspection of the property, and assessments, including but not limited to including those assessments and indebtedness claimed by [Old Virginia] in Civil Action File No. 2017CV296352, Fulton County Superior Court, [hereinafter the "Old Virginia lawsuit"] liens, encumbrances, zoning ordinances, covenants, and matters of record, or not, superior to the Security Deed first set out above[.]

3

On February 9, 2018, in the Old Virginia lawsuit, the Fulton County Superior Court entered a consent order, resolving the dispute between Old Virginia and Glengarry Holdings ("HOA consent order") concerning the Property. The HOA consent order awarded Old Virginia $8,640 which included the "principal unpaid HOA assessments from December 15, 2015 through and including February 15, 2018 in the amount of $6,604.29 as well as interest and late fees," attorney fees, court costs, and post-judgment interest. The HOA consent order further established a lien on behalf of Old Virginia "against the Property in the amount of $10,598.69 plus interest at the rate of 7% per annum from the entry of this [o]rder."

In August 2018, the Appellant filed a verified complaint against the Clark Appellees and Old Virginia, alleging fraud and wrongful foreclosure, and seeking an interlocutory injunction, reformation of the deed, damages and attorney fees. In April 2019, the Appellant filed an amended complaint, alleging the improper use of a dissolved corporation, and seeking, inter alia, equitable relief against Old Virginia, recovery of assessment fees, expenses of litigation, and additional attorney fees.

The Appellees filed their answers, and the Clark Appellees filed a motion to dismiss, arguing, inter alia, that the Appellant had failed to state a claim upon which relief could be granted.[4]

After a hearing, , the trial court granted the Clark Appellees' motion to dismiss and sua sponte dismissed the claims against Old Virginia. This appeal followed.

> On appeal of a trial court's ruling on a motion to dismiss, our review is de novo. However, we construe the pleadings in the light most favorable to the plaintiff with any doubts resolved in the plaintiff's favor. Our role is to determine whether the allegations of the complaint, when construed in the light most favorable to the plaintiff, and with all doubts resolved in the plaintiff's favor, disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts. Additionally, when ruling on a motion to dismiss for failure to state a claim or a motion for judgment on the pleadings, the courts may consider written instruments attached to and incorporated into the complaint and answer.[5]

With these guiding principles in mind, we turn now to the Appellant's claims of error.

---

[4] Old Virginia did not file a motion to dismiss.

[5] *Handberry v. Stuckey Timberland, Inc.*, 345 Ga. App. 191 (812 SE2d 547) (2018) (citations, punctuation, and footnote omitted).

The Appellant argues that the trial court erred in granting the Clark Appellees' motion to dismiss in several respects. We will address the Appellant's arguments separately.

1. The Appellant contends that the trial court considered its pleadings "inappropriately" and failed to construe its pleadings in the light most favorable it.

The trial court stated in its order granting the motion to dismiss, that the Appellant had "no standing to bring any claim relating to the legitimacy of the underlying security deed [and] the only party who could dispute the validity of the quitclaim deed [was Clement.]" "A trial court is presumed to have followed the law in rendering a decision, unless and until that presumption is rebutted."[6]

Although the Appellant discusses possible scenarios questioning whether the trial court considered various portions of its filed complaints, and asserts that various parties, through documents and legal actions, colluded to commit fraud, based on our review of the trial court's order as a whole,[7] the Appellant has not shown that the trial

---

[6] *Love v. Fulton County Bd. of Tax Assessors*, 348 Ga. App. 309, 315 (1) (821 SE2d 575) (2018) (citation omitted); see *Fann v. Mills*, 248 Ga. App. 460, 465 (1), n. 15 (546 SE2d 853) (2001) ("privity is not necessarily a requirement of a claim of fraudulent inducement.") (citation omitted).

[7] See *Love*, 348 Ga. App. at 315 (1).

6

court failed to properly consider the Appellant's pleadings. Also, as discussed in Division 2 infra, the Appellant has not shown that it justifiably relied on the documents outside of the deed under power to show that the Appellees fraudulently induced it to purchase the Property.

2. The Appellant argues that it met the heightened pleading requirements by alleging the elements of fraud in its claims against the Appellees.

> The tort of fraud, including fraudulent inducement, has five elements: a false representation by a defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff. Although OCGA § 9-11-9 (b) requires that claims of fraud be pled with particularity, a complaint alleging fraud should not be dismissed for failure to state a claim unless it appears beyond a doubt that the pleader can prove no set of facts in support of his claim which would entitle him to relief.[8]

"In order to prove justifiable reliance, [the Appellant] must show the defect could not have been discovered by [it] in the exercise of due diligence in the purchase of the [P]roperty."[9]

---

[8] *JPMorgan Chase Bank v. Durie*, 350 Ga. App. 769, 771 (2) (830 SE2d 387) (2019) (citations and punctuation omitted).

[9] *Peacock v. Kiser*, 272 Ga. App. 83, 85 (1) (611 SE2d 747) (2005) (punctuation and footnote omitted).

The trial court found that the Appellant had failed to meet the element of justifiable reliance because it had "constructive, if not actual, knowledge of the existen[t] HOA lien insofar as [the Appellant] had the opportunity to read and understand the Mortgage Foreclosure Notice as well as the HOA Declarations and pleadings in the pending [Old Virginia lawsuit]." The trial court further stated that "[a]ll of the documents in this case [were] readily available public records and could have been discovered by [the Appellant] had it exercised any amount of diligence prior to the February 6, 2018 foreclosure sale."

Although the HOA consent order was not entered until February 9, 2018, the record shows that the Old Virginia lawsuit was pending at the time of the foreclosure sale in the Fulton County Superior Court. First, the published foreclosure advertisement stated in part that the Property was being foreclosed upon due to "possible events of default, [and] failure to pay the [i]ndebtedness[, . . . and] will be sold subject to outstanding ad valorem taxes, homeowners association liens whether recorded or not recorded, filed or inchoate[,] . . . and matters of record, or not, superior to the Security Deed[.]" Second, the deed under power signed by the Appellant for the property acknowledged the existence of the Old Virginia suit as well as "liens, encumbrances, . . . and matters of record, or not, superior to the

8

Security Deed[.]" Based on the foregoing, the Appellant had actual notice of the various encumbrances and *potential* other liens against the Property at the time it executed the deed under power.

The deed under power also stated that

Said sale [of the Property] was made for the purpose of paying the line of credit indebtedness due to [Terrace Towers], secured by said Deed To Secure Debt, all of which was mature and payable because of the default in the making of the monthly payments on said loan secured by said Deed To Secure Debt, default in payment of any one of which matured the entire indebtedness and for failure to pay the homeowners' association dues which created a lien superior to the Deed to Secure Debt in further default.

The foreclosure advertisement for the Property stated that the Property was to be sold subject to various encumbrances, including "outstanding ad valorem taxes, [and] *homeowners association liens whether recorded or not recorded*[.]"[10] Moreover, counsel for the Clark Appellees announced to the trial court at the hearing that "the underlying debt [on the Property] ha[d] been satisfied[,]" and explained to the trial court that she had given the Appellant's counsel a spreadsheet indicating that the HOA liens on the Property had been paid. At the hearing, counsel for the Appellant

[10] (Emphasis supplied.)

9

admitted that he had received the speadsheet but argued that the accompanying writ of fieri facias ("fi. fa.") had not been released. Assuming, without deciding that the fi. fa. had not been extinguished, the consent judgment granting Old Virginia an HOA lien and Glengarry Holdings principal unpaid HOA assessments, expenses, and fees concerning the Property was a matter of public record. The trial court took judicial notice that "a satisfaction of judgment ha[d] been entered in the [Old Virginia lawsuit]."

The Appellant contends that it met the justifiable reliance element in its fraud claim because the Appellees' "misrepresentations were communicated to [it] in the Fulton County property records." "While questions of due diligence often must be resolved by the trier of fact, that is not always the case. One may fail to exercise due diligence as a matter of law."[11]

The Appellant had a duty to exercise due diligence before purchasing the Property in a foreclosure sale.[12] Here, the property records in the Old Virginia lawsuit

_____

[11] *Lehman v. Keller*, 297 Ga. App. 371, 373 (1) (677 SE2d 415) (2009) (punctuation and footnote omitted).

[12] See *Tharp v. Vesta Holdings I, LLC*, 276 Ga. App. 901, 905 (1) (d) (625 SE2d 46) (2005) (affirming the trial court's grant of summary judgment to the owner of real property when the buyer brought a fraud claim against the owner and failed to exercise due diligence in the purchase of the property).

were a matter of public record; the foreclosure advertisement for the Property stated that there were outstanding debts and liens, both recorded and unrecorded, against the Property; and language noting the existence of the Old Virginia lawsuit was included in the deed under power signed by the Appellant.[13]

Although the Appellant argues that it met the requirements to allege fraudulent concealment and active fraud, "[t]he general rule in Georgia is that actionable fraud must be based upon a misrepresentation made *to* the defrauded party, and relied upon *by* the defrauded party."[14] The Appellant has failed to allege any facts that show that it justifiably relied on any misrepresentations made *to the Appellant by the Appellees*.[15]

The Appellant appears to also implicitly argue throughout its initial brief that the trial court erred in taking judicial notice of the HOA consent order and that the outstanding liens and encumbrances on the Property had been paid. "Whether

---

[13] Old Virginia stated in its appellate brief that it "does not claim any liens against the Property[.]"

[14] *UWork.com v. Paragon Technologies*, 321 Ga. App. 584, 598 (5) (740 SE2d 887) (2013) (citation and punctuation omitted); see also *Durie*, 350 Ga. App. 771 (2) ("A key element of fraudulent inducement is a false representation by a defendant.") (citations and punctuation omitted).

[15] See *Durie*, 350 Ga. App. at 771-772 (2).

11

requested by a party or not, a trial court may take judicial notice of a fact which is not subject to reasonable dispute, in that it is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."[16] "In taking judicial notice of a fact, the trial court "dispenses with the need for any evidence regarding it. Judicial notice may be taken at any stage of the proceeding,[17] and a plain reading of the current version of OCGA § 24-2-201 dictates that the trial court can take judicial notice of an adjudicative fact[18] without giving the parties advance notice."[19] "While a court has wide discretion to take judicial notice of facts, . . . the taking of judicial notice of facts is, as a matter of evidence law, a highly limited process."[20]

---

[16] *Hunter v. Will*, 352 Ga. App. 479, 484 (2) (833 SE2d 128) (2019) (citing OCGA § 24-2-201 (b) (2), (c)) (punctuation omitted).

[17] See OCGA § 24-2-201 (f).

[18] See *Dippin' Dots v. Frosty Bites Distrib.*, 369 F3d 1197, 1204-1205 (IV) (A) (11th Cir. 2004) (applying Fed. R. Evid. 201 (c)). ("Adjudicative facts are facts that are relevant to a determination of the claims presented in a case.") (citation omitted).

[19] *Hunter*, 352 Ga. App. at 484 (2) (additional citation and punctuation omitted); see OCGA § 24-2-201 (e) (2011) ("A party shall be entitled, upon timely request, to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. In the absence of prior notification, such request may be made after judicial notice has been taken.").

[20] *Dippin' Dots*, 369 F3d at 1204-1205 (IV) (A) (citation omitted).

12

After the trial court took judicial notice of the HOA consent order and that the various liens and encumbrances on the Property had been paid, the Appellant failed to make a timely request to be heard on the matter after the trial court's ruling.[21] Thus, the Appellant can not prevail on this argument.

To the extent that the Appellant argues collusion amongst the Appellees, and that it (the Appellant) did not have constructive notice of any other HOA liens or the attorney fee award associated with the Old Virginia lawsuit, the foreclosure advertisement and the subsequent deed under power were sufficient to place the Appellant on notice of the existence of encumbrances on the Property such as HOA liens.[22]

---

[21] See *Jaycee Atlanta Dev. v. Providence Bank*, 330 Ga. App. 322, 324 (1), n. 4 (765 SE2d 536) (2014) ( "Under Georgia's new Evidence Code, a party is entitled to an opportunity to be heard on the propriety of taking judicial notice only upon timely request, which may be made after judicial notice has been taken.") (citation and punctuation omitted).

[22] See *Lehman*, 297 Ga. App. at 373 (1); see also *Higginbotham v. Adams*, 192 Ga. 203, 208-209 (1) (14 SE2d 856) (1941) (A petitioner, as legatee of an estate, brought suit against the executrix, alleging that she improperly used estate funds to purchase an automobile for her use, and had defaulted on the payment of the vehicle, causing the creditor to sue the estate for the balance. The Supreme Court of Georgia ruled that the creditor obtained judgment against the estate through collusion, knowing that the debt was individual to the executrix; therefore the petitioner could sue the creditor for fraud and collusion.).

Based on the foregoing, the Appellant did not meet the justifiable reliance element necessary to show fraud. Moreover, the Appellant has not shown the damages it allegedly incurred as a result of the purported fraudulent inducement by the Appellees to purchase the Property. Therefore, the trial court properly dismissed the fraud claims against the Appellees.

3. The Appellant argues that the trial court erred in ruling that the ratification of the foreclosure sale barred it from asserting fraud and negligence claims.

> In general, a party alleging fraudulent inducement to enter a contract has two options: (1) affirm the contract and sue for damages from the fraud or breach; or (2) promptly rescind the contract and sue in tort for fraud. *Where a party elects to rescind the contract, he must do so prior to filing the lawsuit.* And Georgia courts have long recognized that a tender to restore, or offer to restore, the consideration received is a condition precedent to filing a lawsuit for fraud in the inducement.[23]

Here, it is undisputed that the Appellant did not seek rescission of the foreclosure contract on the Property prior to filing the lawsuit underlying this appeal. The trial court stated that because the Appellant did not attempt to rescind the

---

[23] *Stafford v. Gareleck*, 330 Ga. App. 757, 760 (1) (769 SE2d 169) (2015) (citations and punctuation omitted; emphasis supplied).

14

foreclosure sale prior to filing suit, it essentially affirmed the foreclosure sale on the Property and could only sue for fraud or breach of contract.

The Appellant, citing *Tuttle v. Stovall*[24] as authority, argues that it is permitted to maintain its fraud claim and pursue the resulting damages.[25] Although this is a correct reading of *Tuttle*, the Appellant's argument does not negate that it has failed to meet the requirements to bring fraud claims, as discussed in Division 2 supra, or to bring Georgia RICO or conspiracy claims, as discussed in Division 4, infra. Furthermore, the Appellant has not met the heightened pleading requirements for fraudulent inducement.[26] Consequently, the Appellant is bound by the terms of the foreclosure sale contract.[27]

---

[24] 134 Ga. 325 (67 SE 806) (1910).

[25] The Appellant also cites to *Nalley v. Langdale*, 319 Ga. App. 354, 365 (2) (734 SE2d 908) (2012) ("The right to affirm the contract and the right to sue for damages due to fraud coexist.") (physical precedent only). We take this opportunity to remind the parties of Court of Appeals Rule 33.2 (Judgment as Precedent). As *Nalley* was decided well before August 1, 2020, this opinion is citable only as persuasive authority. See Rule 33.2 (a) (2).

[26] See *Durie*, 350 Ga. App. at 771-772 (2).

[27] See *Peacock*, 272 Ga. App. at 85 (1).

4. The Appellant argues that the trial court erred in ruling that it lacked standing to bring a Georgia RICO Act and conspiracy claims against the Appellees.

"The Georgia RICO Act[28] was enacted by the Georgia legislature to impose criminal penalties against those engaged in an interrelated pattern of criminal activity motivated by or the effect of which is pecuniary gain or economic or physical threat or injury,[29] and civil remedies to compensate those injured by reason of such acts."[30] Under OCGA § 16-14-4 (a), "[i]t shall be unlawful for any person, through a pattern of racketeering activity or proceeds derived therefrom, to acquire or maintain, directly or indirectly, any interest in or control of any enterprise, real property, or personal property of any nature, including money." "To establish a valid civil RICO claim, a plaintiff must show that the defendant violated or conspired to violate Georgia's RICO Act and that the RICO violation proximately caused injury to the plaintiff."[31]

---

[28] See OCGA § 16-14-1 et seq.

[29] See OCGA § 16-14-2 (b) (legislative intent); OCGA § 16-14-5 (penalties).

[30] *Five Star Athlete Mgmt. v. Davis*, 355 Ga. App. 774, 778 (2) (845 SE2d 754) (2020) (additional citation and punctuation omitted).

[31] Id.

16

Here, the trial court ruled that the Appellant lacked standing to support a Georgia RICO Act violation because it did not assert that it "reasonably relied" on any of the information that it deemed inaccurate, nor did the Appellant show actionable damages. In support of its claim, the Appellant points to its allegations that "[the Appellees] committed a fraud specifically intended to harm the person or entity who purchased the Property at foreclosure[.]"

"To satisfy the proximate cause element of RICO, a plaintiff must show that her injury flowed directly from at least one of the predicate acts. This burden is not met where a plaintiff shows merely that his injury was an eventual consequence of the predicate act or that he would not have been injured but for the predicate act."[32] The Appellant has not alleged sufficient facts to show that it was targeted by the Appellants to purchase the Property.[33] Thus, this argument fails.

---

[32] *Wylie v. Denton*, 323 Ga. App. 161, 166 (1) (746 SE2d 689) (2013) (citations and punctuation omitted).

[33] See *Nicholson v. Windham*, 257 Ga. App. 429, 430 (1) (571 SE2d 466) (2002) ("As a mandatory condition to asserting [a] RICO claim[ ], [a plaintiff] must show a direct nexus between at least one of the predicate acts listed under the RICO Act and the injury she purportedly sustained.") (punctuation and footnote omitted).

5. The Appellant argues that the trial court erred in dismissing its claims for reformation and declaratory judgment. Specifically, it contends that the trial court's "primary reasoning" for dismissing its equity claims was erroneous.

Citing *Tuttle*, the Appellant argues that the trial court failed to apply the principles of affirmation and waiver, thus invalidating the trial court's determination as to whether the Appellant received "the benefit of the bargain." Although "[f]or a mistake to be relievable in equity by reformation, it must be mutual, or else mistake on the part of one to the contract and fraud on the part of the other[,]" the Appellant has not alleged sufficient facts to show that a mutual mistake by both parties occurred, nor has the Appellant met the necessary requirements to show fraud by the Appellees.[34] Despite the Appellant's argument regarding fraud, as discussed in Division 2, supra, the Appellant has failed to show justifiable reliance in purchasing the Property because the Appellant did not exercise due diligence in finding the encumbrances on the Property, which were a matter of public record.[35]

---

[34] *Lewis v. Williford*, 235 Ga. 558, 559 (1) (221 SE2d 14) (1975) (citation omitted).

[35] See *Peacock*, 272 Ga. App. at 85 (1).

18

5. The Appellant argues that the trial court erred in dismissing the remainder of its claims, including claims for attorney fees and punitive damages. These claims are derivative of the Appellant's substantive claims and in some instances, the Appellant failed to either cite to specific references in the record or provide citations of authority in support of its argument.[36] Based on the foregoing, and in light of our rulings in Divisions 1 through 4, supra, we need not consider the remainder of the Appellant's claims.[37]

*Judgment affirmed. Rickman and Colvin, JJ., concur.*

---

[36] See *Bearoff v. Craton*, 350 Ga. App. 826, 839 (4), n. 19 (830 SE2d 362) (2019) ("The [Appellant's] failure to cite any legal authority in [its] opening brief to support this enumeration of error arguably means [it has] abandoned this claim."); see Court of Appeals Rule 25 (c) (2) ( "Any enumeration of error that is not supported in the brief by citation of authority or argument may be deemed abandoned.").

[37] See Court of Appeals Rule 25 (c) (2) (i) ("*Each* enumerated error shall be supported in the brief by specific reference to the record or transcript. In the absence of a specific reference, the Court will not search for and may not consider that enumeration.") (emphasis supplied); see also *Gresham v. Harris*, 349 Ga. App. 134, 138 (1), n. 9 (825 SE2d 516) (2019) ("[R]hetoric is not a substitute for cogent legal analysis, which is, at a minimum, a discussion of the appropriate law as applied to the relevant facts.") (citation, punctuation and emphasis omitted).